Filed 12/31/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **CAROLYN SATYADI,**<br><br>      **Plaintiff and Appellant,**<br><br>**v.**<br><br>**WEST CONTRA COSTA HEALTHCARE DISTRICT et al.,**<br><br>      **Defendants and Respondents.** | **A138948**<br><br>**(Contra Costa County Super. Ct. No. C12-02087)** |

After respondent Doctor's Medical Center (DMC) terminated Carolyn Satyadi's employment, Satyadi sued DMC, its owner the West Contra Costa Healthcare District (the District), and various DMC officials.  Satyadi claimed she had been fired in retaliation for reporting and refusing to participate in her employer's allegedly illegal activities.  Her complaint alleged causes of action under Labor Code section 1102.5.[1]

Respondents filed a demurrer, arguing Satyadi had not filed a complaint with the Labor Commissioner under section 98.7 before bringing her action, and thus her suit was barred by her failure to exhaust administrative remedies.  The trial court agreed with respondents, ruling that *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311 (*Campbell*) required Satyadi first to seek relief from the Labor Commissioner before filing suit in court.  It therefore entered a judgment dismissing Satyadi's action, and Satyadi appealed to this court.

While her appeal was pending, the Legislature amended the Labor Code to specify that employees such as Satyadi need not exhaust administrative remedies prior to filing

---

[1] All undesignated statutory references are to the Labor Code.

1

suit for violations of the Labor Code, unless the provision under which suit is brought expressly requires exhaustion. We asked the parties to brief whether these amendments apply to this appeal. We conclude they do, and we therefore reverse the judgment and remand the matter for further proceedings on Satyadi's complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal follows a successful demurrer, we draw our statement of facts from Satyadi's first amended complaint, which is the operative pleading. (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1313, fn. 1.) "While we accept appellant['s] allegations as true for purposes of this appeal, nothing in this opinion should be construed as proven fact for purposes of later proceedings. Such facts are properly determined by the trier of fact." (*Kempton v. City of Los Angeles* (2008) 165 Cal.App.4th 1344, 1347, fn. 1.)

*Satyadi's Employment and Termination*

Satyadi is an American citizen of Indonesian origin. She holds six national board certifications in the area of clinical laboratory science. In November 2010, she interviewed for, and later accepted, the position of Clinical Laboratory Director for DMC.

During the interview process, Satyadi was told the laboratory she would be managing had no material deficiencies in staff and equipment performance and accreditation. Despite those assurances, within two days of reporting to her new position, Satyadi was handed a list of performance deficiencies in the laboratory. She was directed to reduce overtime and to "clean up problem personnel." Her initial performance was praised, and her reviews indicated she met DMC's standards in every area of her job.

Beginning in December 2010 and continuing through March 2012, Satyadi informed DMC and its executive staff about numerous operational practices she believed were violations of state and federal laws relating to the laboratory's operations.[2] While

---

[2] These practices included disposing of dangerous chemicals in an unsafe manner, failure to timely report positive blood cultures to the emergency department, inadequate

2

employed at DMC, Satyadi refused to engage in these and other activities she believed to be violations of the law.

In approximately January 2012, during negotiations with the union representing laboratory employees, a DMC executive made derogatory comments and gestures about Satyadi in the presence of her subordinates. The executive had previously asked Satyadi what country she was from. She complained in writing about what she viewed as harassment and was assured the matter would be reviewed by DMC's interim chief executive officer, but the latter never contacted Satyadi about her complaint. In March 2012, DMC's medical director told Satyadi, " 'It's not working.' "

In March 2012, Satyadi was placed on administrative leave pending an investigation into allegations against her by other DMC employees. An attorney who had been hired to investigate the allegations against Satyadi interviewed her, but DMC, the District, and a DMC executive intentionally withheld information from the investigator to create a pretext for Satyadi's retaliatory termination.

On June 12, 2012, Satyadi's counsel attended a DMC hearing "convened . . . in order to provide [her] with a minimum level of due process required prior to removal of a permanent civil service employee under California law." Satyadi "responded in writing to the allegations made at the hearing, the manner of the receipt of evidence, as well as offering objections to the severity of discipline imposed."

Satyadi was terminated by letter dated June 26, 2012. She was informed through counsel that no further administrative appeals process existed by which she could challenge the decision to terminate her employment.

*Satyadi's Action*

In August 2012, Satyadi filed a complaint against DMC, the District, Enfield, and Hardy. After various challenges to the pleadings, Satyadi was granted leave to amend, and she filed her first amended complaint (FAC) against the same defendants in January 2013. As relevant here, the FAC alleged causes of action claiming DMC and the District

maintenance and testing of important equipment, and devoting insufficient resources to monitoring for methicillin-resistant *staphylococcus aureus* bacteria.

had retaliated against Satyadi for disclosing violations of state and federal law to government agencies and for refusing to participate in activities that would violate the law. Satyadi alleged the retaliation violated section 1102.5, subdivisions (b) and (c).[3]

Respondents demurred to the FAC, arguing Satyadi's failure to exhaust her administrative remedies deprived the court of jurisdiction to adjudicate her complaint. Specifically, they contended Satyadi had failed to exhaust the remedy set forth in section 98.7, subdivision (a), which provides that "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." Respondents contended the California Supreme Court's opinion in *Campbell, supra,* 35 Cal.4th 311 required Satyadi first to seek administrative relief from the Labor Commissioner before resorting to court. (See *id.* at pp. 329-331 [employee bringing whistleblower action under § 1102.5 required to exhaust university's internal administrative remedies before filing suit].) Satyadi disagreed, and relying on the Second District's opinion in *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320 (*Lloyd*), she opposed the demurrer, arguing there was no

---

[3] Section 1102.5, subdivisions (b) and (c) provide: "(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. [¶] (c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."
    Satyadi also sought to plead a claim for retaliation under Government Code section 12940, subdivision (h). She later conceded she had failed plead sufficient facts to state a cause of action under this statute and offered no opposition to respondents' demurrer to her third cause of action.

4

requirement that she pursue the remedy provided by section 98.7 before filing her lawsuit. (*Id*. at pp. 323, 331-332 [plaintiff need not exhaust § 98.7 remedy before filing action under § 1102.5].)

The trial court sustained the demurrer without leave to amend. It explained it had permitted Satyadi to file an amended complaint adding facts necessary to state causes of action for violations of section 1102.5, subdivisions (b) and (c). The trial court found the FAC did not "address the reason why the court sustained the demurrer to those causes of action in the first place." While it acknowledged some appellate courts had held there is no requirement to exhaust administrative remedies before bringing a whistleblower claim under section 1102.5, it interpreted *Campbell* as holding to the contrary, and it believed it was bound by that decision. Because Satyadi did not, and in the trial court's view could not, plead she had exhausted her administrative remedies, it found it did not have jurisdiction over her labor claims.

The trial court entered a judgment of dismissal on April 18, 2013, and Satyadi filed a timely notice of appeal.

*Subsequent Amendments to the Labor Code*

After judgment was entered and Satyadi filed her notice of appeal, the Legislature enacted two amendments to the Labor Code that are relevant here. First, it added section 244, subdivision (a) (section 244(a)), which provides: "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy. This subdivision shall not be construed to affect the requirements of Section 2699.3." (See Stats. 2013, ch. 577, § 4.) Second, the Legislature amended section 98.7 to add subdivision (g) (section 98.7(g)), which states: "In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures." (See Stats. 2013, ch. 732, § 3.) In accordance with Government Code section 68081, we asked the parties to brief whether these amendments apply retroactively to this case, and if so, what effect they

5

have on the proper disposition of this appeal. Both parties submitted supplemental briefs on these questions.

DISCUSSION

The parties agree that if the amendments to the Labor Code apply to this case, then the judgment must be reversed. Therefore, the sole question is whether the amendments govern the case before us. We conclude that because the amendments merely clarified existing law, they may be applied to this case without transgressing the general rule against the retroactive application of statutes.

I.      *Standard of Review*

A demurrer tests only the legal sufficiency of the complaint. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5 (*Milligan*).) "When reviewing a judgment dismissing a complaint after a successful demurrer, we assume the complaint's properly pleaded or implied factual allegations are true, and we give the complaint a reasonable interpretation, reading it in context." (*Campbell, supra,* 35 Cal.4th at p. 320.) Nevertheless, we do not assume the truth of contentions, deductions, or conclusions of fact or law. (*Edgerly v. City of Oakland* (2012) 211 Cal.App.4th 1191, 1198.)

In analyzing the demurrer, "we look '*only* to the face of the pleadings and to matters judicially noticeable and not to the evidence or other extrinsic matter.' [Citation.]" (*Milligan, supra,* 120 Cal.App.4th at p. 5.) In conducting our review, we are not bound by the trial court's construction of the complaint. (*Ibid*.) Instead, we determine de novo whether the factual allegations of the complaint are adequate to state a viable cause of action. (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.) "[O]ur inquiry ends and reversal is required once we determine a complaint has stated a cause of action under any legal theory." (*Genesis Environmental Services v. San Joaquin Valley Unified Air Pollution Control Dist.* (2003) 113 Cal.App.4th 597, 603.)

Whether an amended statute applies retroactively to a pending case is an issue we review de novo. (*Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338,

6

1348 (*Murray*) [retroactivity of amendments to former § 1102.1 subject to de novo review].)

II.    *The General Presumption Against Retroactivity*

In their supplemental brief, respondents rely "on the 'well-established presumption that statutes apply prospectively in the absence of a clearly expressed contrary intent . . . .' [Citations.]" (*Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230 (*Disability Rights*).)  This presumption is as applicable to the Labor Code as it is to any other statute.  (See *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 395.)  But while the presumption exists, it leaves unanswered " 'the question of what the terms "prospective" and "retroactive" mean.' " (*Disability Rights, supra,* at p. 230.)  A statute does not operate "retroactively" as that term is used here "simply because its application depends on facts or conditions existing before its enactment." (*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243 (*Western Security Bank*).)  Where the Legislature makes material changes in statutory language to clarify a statute's meaning, "[s]uch a legislative act has no retrospective effect because the true meaning of the statute remains the same." (*Ibid*.)  Consequently, "[i]f the amendment merely clarifie[s] existing law, no question of retroactivity is presented" because "the amendment would not have changed anything." (*McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 471-472 (*McClung*).)  Thus, in this case, if we determine the amendments before us only clarified the meaning of section 98.7, then we are not truly confronted with a question of retroactivity, because the meaning of that section has remained the same. (*Western Security Bank, supra,* 15 Cal.4th at p. 243.)

We therefore ask first whether the amendments clarified or changed the law.  (See *McClung, supra,* 34 Cal.4th at p. 472.)  To answer that question, we must ascertain the state of California law prior to the Legislature's recent amendments to the Labor Code. (See *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922 (*Carter*).)  Only if we conclude the amendments represent a change in the law do we address the

7

issue of retroactivity. (See *id*. at p. 930.) We thus turn to an examination of the law as it existed prior to the effective date of the amendments.

III. *Prior Law – Campbell, Lloyd, and the Split in the Federal Courts*

The parties dispute whether *Campbell* or *Lloyd* is the controlling authority on the exhaustion issue. They agree, however, that these are the California cases most closely on point.[4] A careful examination of their facts and holdings is therefore essential to understanding the prior state of the law.

A. *Campbell*

Campbell was a University of California employee who was terminated after making complaints about possible violations of state competitive bidding laws. (*Campbell, supra,* 35 Cal.4th at p. 317.) Using a grievance procedure set forth in the university's personnel policies, she filed an internal complaint alleging she had been discharged in retaliation for being a whistleblower. (*Ibid*.) The university informed her that allegations of retaliation for whistleblowing were excluded from the grievance procedure she had utilized and were subject to a different internal process, one designed specifically for individuals reporting improper governmental activities. (*Id*. at p. 318.) Campbell was told she was required to file her grievance using the latter process. (*Ibid*.) She did not do so, and instead filed an action in superior court against the Regents of the University of California (Regents) seeking damages for retaliatory termination under Government Code section 12653 and section 1102.5. (*Id*. at p. 319.)

The Regents successfully demurred to Campbell's complaints on the ground that she had failed to exhaust her administrative remedies, and the superior court dismissed her action. (*Campbell, supra,* 35 Cal.4th at p. 319.) Campbell appealed, and the matter

---

[4] Respondents rely heavily on the Third District's opinion in *MacDonald v. State* (Aug. 27, 2013, C069646), previously published at 219 Cal.App.4th 67, but the California Supreme Court has ordered that opinion depublished. (*MacDonald v. State of California,* Nov. 26, 2013, S213450; see Cal. Rules of Court, rule 8.1125(c)(1).) Under California Rules of Court, rule 8.1115(a), nonpublished opinions "have no precedential value." (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 109.) Because of the Supreme Court's depublication order, *MacDonald* "is no longer part of the law" and has "cease[d] to exist." (*Ibid.*) We therefore will not consider it.

8

reached the California Supreme Court. The court reviewed the rule of exhaustion of administrative remedies, explaining that " 'where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' " (*Id.* at p. 321.) Furthermore, "[t]he exhaustion rule extends to employees seeking judicial review of an employer's administrative findings." (*Id.* at p. 322.) The court went on to reject Campbell's contention that "employees need not satisfy any exhaustion requirement before they may file a lawsuit under . . . section 1102.5." (*Id.* at p. 329.) It found nothing in the language or legislative history of section 1102.5 and related provisions of the Labor Code that would justify departing from the ordinary requirement of exhaustion of administrative remedies. (*Id.* at pp. 329-331.) The court therefore held that "Campbell should have exhausted the university's administrative remedies before proceeding to suit[.]" (*Id.* at p. 333.) Significantly, however, in *Campbell* no party raised any argument regarding the effect of section 98.7, and that statute is not mentioned in the court's opinion.

      B.    *Lloyd*

In contrast, *Lloyd* squarely confronted the argument respondents make here. Lloyd was a Los Angeles county employee who alleged he had been fired in retaliation for whistleblowing. (*Lloyd, supra,* 172 Cal.App.4th at p. 324.) He brought an action against the county alleging a number of causes of action, including violation of section 1102.5. (*Ibid.*) The trial court entered summary judgment against him, and on appeal the county sought affirmance on the ground that Lloyd had failed to exhaust the administrative remedies provided by the county's civil service rules and section 98.7. (*Id.* at pp. 326-328, 331.)

In making its exhaustion argument, the county relied specifically on *Campbell.* (*Lloyd, supra,* 172 Cal.App.4th at pp. 326-327.) The Court of Appeal first held Lloyd's claim did not fall within the ambit of the county's civil service rules, and thus he was not required to exhaust those administrative remedies prior to filing suit. (*Id.* at p. 328.) It further held Lloyd was not required to exhaust the section 98.7 remedy because that section "merely provides the employee with an additional remedy, which the employee

9

may choose to pursue." (*Id*. at p. 331.)  In addition, *Lloyd* observed that "construing Labor Code section 98.7 to obligate a plaintiff to seek relief from the Labor Commissioner prior to filing suit for Labor Code violations flies in the face of the concerns underlying the Labor Code Private Attorneys General Act of 2004 (PAG Act) (Lab. Code, § 2698 et seq.)." (*Lloyd,* at p. 332.)  The court therefore declined "to impose an administrative exhaustion requirement on plaintiffs seeking to sue for Labor Code violations." (*Ibid*.)

      C.    *Federal Case Law*

Both parties have cited federal authority in support of their positions, but the opinions of lower federal courts are not binding on us, particularly on issues of California law.  (*Qualified Patients Assn. v. City of Anaheim* (2010) 187 Cal.App.4th 734, 764.) Nevertheless, we observe that federal district courts confronting the exhaustion issue have reached differing results.[5]  Most federal courts have concluded exhaustion was required.  (*Reynolds v. City and County of San Francisco* (9th Cir., May 29, 2014) 2014 WL 2211677, at p. 1 (*Reynolds*) ["Most courts to subsequently address the issue read *Campbell* as a powerful signal that exhaustion under § 98.7 was required."].)  A substantial minority disagreed with that conclusion, however, and held plaintiffs need not exhaust the section 98.7 remedy prior to filing suit.  (See *Pinder, supra,* 2013 WL

---

[5] (Compare *Oyarzo v. Tuolumne Fire Dist.* (E.D. Cal. 2013) 955 F.Supp.2d 1038, 1099-1102 [disagreeing with *Lloyd* and holding exhaustion is required]; *Miller v. Southwest Airlines, Co.* (N.D. Cal. 2013) 923 F.Supp.2d 1206, 1210 [exhaustion of § 98.7 remedy required]; *Ferretti v. Pfizer, Inc.* (N.D. Cal. 2012) 855 F.Supp.2d 1017, 1022-1024 [same]; *Ortiz v. Lopez* (E.D. Cal. 2010) 688 F.Supp.2d 1072, 1079-1081 [same]; *Creighton v. City of Livingston* (E.D. Cal. 2009) 628 F.Supp.2d 1199, 1221-1222 [same]; *Neveu v. City of Fresno* (E.D. Cal. 2005) 392 F.Supp.2d 1159, 1179-1180 [same] with *Hanson v. Raytheon Co.* (U.S. Dist. Ct., C.D. Cal. 2014, Jan. 14, 2014, No. SA CV 12-0896-DOC) 2014 WL 185911 [exhaustion not required]; *Pinder v. Employment Development Dept.* (U.S. Dist. Ct., E.D. Cal., Aug. 20, 2013, No. CIV. S-13-817 LKK/AC) 2013 WL 4482955 (*Pinder*) [same]; *Dowell v. Contra Costa County* (N.D. Cal. 2013) 928 F.Supp.2d 1137, 1152-1153 [exhaustion of § 98.7 remedy not required]; *Turner v. City and County of San Francisco* (N.D. Cal. 2012) 892 F.Supp.2d 1188, 1200-1204 [distinguishing *Campbell,* following *Lloyd,* and holding § 98.7 remedy need not be exhausted].)

10

4482955 [citing cases].)  To the extent federal authorities are relevant to the question, they were divided on the exhaustion issue.

IV.    *Because Sections 98.7(g) and 244(a) Merely Clarified the Law, No Question of Retroactivity Is Presented.*

Thus, prior to the Legislature's enactment of sections 98.7(g) and 244(a), the state of the law can be summarized as follows.  The only California appellate court to consider whether a party was required to exhaust the section 98.7 remedy before filing suit under section 1102.5 had concluded exhaustion was not required.  (*Lloyd, supra,* 172 Cal.App.4th at p. 332.)  Although many federal courts interpreted *Campbell* as requiring terminated employees suing under section 1102.5 to avail themselves of the section 98.7 remedy before going to court, in fact *Campbell* was silent on the matter.  Since cases are " 'not authority for propositions neither considered nor discussed in the opinion' " (*Hager v. County of Los Angeles* (2014) 228 Cal.App.4th 1538, 1551), *Campbell* provided no direct support for the view that seeking relief from the Labor Commissioner was a prerequisite to filing a whistleblower action in court.  In short, our high court has never interpreted section 98.7 as requiring plaintiffs to exhaust that administrative remedy prior to filing suit for violations of section 1102.5.

The foregoing demonstrates that prior to the Legislature's amendments to the Labor Code, California case law did not require exhaustion of the section 98.7 remedy.[6]

---

[6] We have examined the legislative history of the amendments, but it provides scant evidence on whether the Legislature viewed them as clarifying or changing existing law. (See, e.g., *In re Marriage of Walker* (2006) 138 Cal.App.4th 1408, 1426 [court may use legislative history to assist in determining whether amendment changed or merely clarified existing law].)  A Senate third reading analysis of Senate Bill No. 666 does state, however, that "[t]his bill would *clarify* that an employee or job applicant is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of the Labor Code, unless the provision under which the action is brought expressly requires exhaustion of an administrative remedy." (Sen. Com. on Judiciary, com. on Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Sept. 4, 2013, p. 4, italics added; accord, Assem. Com. on Judiciary, Rep. on Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended May 7, 2013, at pp. 2, 6; but cf. Sen. Com. on Labor and Indus. Relations, Rep. on Sen. Bill No. 666 (2013-2014 Reg. Sess.) as amended Apr. 11, 2013,

We therefore hold the amendments did not change the law regarding exhaustion of that remedy.[7] Instead, consistent with *Lloyd,* the amendments merely confirm that a party may bring a civil action for violation of the Labor Code without first exhausting the remedy provided by section 98.7, subdivision (a).[8] (§§ 98.7(g), 244(a).) Such clarifying amendments have "no retrospective effect because the true meaning of the statute remains the same." (*Western Security Bank, supra,* 15 Cal.4th at p. 243.) And since "the amendment[s] merely clarified existing law, no question of retroactivity is presented." (*McClung, supra,* 34 Cal.4th at p. 471; see *Carter, supra,* 38 Cal.4th at p. 930 [because amendment merely clarified law, it had no retroactive effect].) Thus, sections 98.7(g) and 244(a) may be applied to this case, and their application poses no problem of retroactivity. (*Reynolds, supra,* 2014 WL 2211677 [holding that §§ 244(a) and 98.7(g) applied to pending appeal from dismissal of § 1102.5 claims].)

Our holding necessarily disposes of respondents' argument that the amendments should not apply to this case because the Legislature did not expressly state an intention to revive time-barred claims. Respondents claim section 98.7 imposes a six-month time limit for raising claims of Labor Code violations, and thus Satyadi's whistleblower claims were barred once she failed to raise them with the Labor Commissioner within six months of occurrence. This argument is built on the flawed premise that prior law required Satyadi to exhaust the remedy provided by section 98.7. From that faulty premise, respondents reason backward to conclude section 98.7 created a statute of limitation barring her claims, and then contend the amendments cannot apply

---

p. 3 [bill would "*Provide* that it is not necessary for an individual to exhaust administrative remedies . . . ."], italics added.)

[7] We express no view on whether the amendments at issue changed existing law in any other respect. (See *Alch v. Superior Court* (2004) 122 Cal.App.4th 339, 399 [amendments clarified law in certain respects but made substantive changes in others].)

[8] Even if we were to assume the law on this issue was unsettled prior to the enactment of sections 98.7(g) and 244(a), "a 'dispute or ambiguity . . . [is] an indication that a subsequent amendment is intended to clarify, rather than change, the existing law.' " (*Callejas v. McMahon* (9th Cir. 1984) 750 F.2d 729, 731; accord, 2B Singer & Singer, Statutes and Statutory Construction (7th ed. 2012) Contemporaneous Construction, § 49:10, pp. 135-136.)

retroactively because they would have the effect of reviving those time-barred claims. But as we have shown, prior California case law did not require Satyadi to exhaust the section 98.7 remedy. Deprived of that foundational premise, respondents' argument necessarily fails.

V.     *Satyadi's Complaint Is Sufficient to State a Cause of Action.*

Since we have concluded Satyadi was not required to exhaust her remedy before the Labor Commissioner prior to filing suit, the only issue that remains is whether the allegations of her complaint are sufficient as a matter of law. (See *Murray, supra,* 79 Cal.App.4th at p. 1354.) The FAC alleges she participated in DMC's internal administrative process and used that process to object to the discipline her employer imposed. It further alleges her counsel was told there was no further administrative appeals process by which she could challenge the decision to terminate her employment. Assuming, as we must, that these allegations are true, it appears Satyadi has exhausted her employer's internal administrative remedies. (See *Campbell, supra,* 35 Cal.4th at p. 333.) The exhaustion doctrine therefore poses no further barrier to her action.[9]

DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings.

---

[9] At oral argument, counsel for Satyadi pointed out that if respondents' position were adopted, employees like Satyadi might be required to exhaust two overlapping and potentially conflicting administrative remedies. Under *Campbell,* the employee would have to exhaust her employer's internal administrative remedies. And if, as respondents urge, *Campbell* were read to require exhaustion of the section 98.7 remedy, the employee would also be compelled to seek relief from the Labor Commissioner before filing suit in court. If the employer's internal administrative procedures had to be exhausted first, an employee might well lose the opportunity to file a complaint under section 98.7, because such a complaint may be filed "within six months after the occurrence of the violation." (§ 98.7, subd. (a).) Counsel noted this could create a perverse incentive for employers to delay resolution of internal administrative complaints until after expiration of the six-month time limit of section 98.7, subdivision (a).

Since this point was not fleshed out in the parties' briefs, we will do no more than note the potential problem. In light of our disposition, we have no need to resolve the issue.

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

A138948

Superior Court of the County of Contra Costa, No. C12-02087, Steven K. Austin, Judge.

Che Hashim & Alex Coolman, for Plaintiff and Appellant.

The Narayan Law Firm, S. D. Narayan, Gregory M. Franchi and Mukesh Advani for Defendant and Respondent West Coast Contra Costa Healthcare District.

A138948