Filed 10/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NICOLLETTE SHERIDAN, | B254489 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC435248) |
| v. | |
| TOUCHSTONE TELEVISION PRODUCTIONS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed.

Baute Crochetiere & Gilford, Mark D. Baute and David P. Crochetiere; Greines, Martin, Stein & Richland and Robin Meadow for Plaintiff and Appellant.

Mitchell Silberberg & Knupp, Adam Levin, Aaron M. Wais and Jorja A. Cirigliana; Horvitz & Levy, Mitchell C. Tilner and Frederic D. Cohen for Defendant and Respondent.

Touchstone Television Productions (Touchstone) hired actress Nicollette Sheridan to appear in the television series *Desperate Housewives*, a show created by Marc Cherry.[1]  Sheridan sued Touchstone under Labor Code section 6310,[2] alleging that Touchstone fired her in retaliation for her complaint about a battery allegedly committed on her by Cherry.  The trial court sustained Touchstone's demurrer to the complaint on the basis that Sheridan failed to exhaust her administrative remedies by filing a claim with the Labor Commissioner.  The sole issue on appeal is whether Sheridan was required to exhaust her administrative remedies under sections 98.7 and 6312.  We conclude that she was not required to do so and therefore reverse.

**FACTUAL AND PROCEDURAL BACKGROUND[3]**

Touchstone hired Sheridan in 2004 under an agreement with her loan-out company Starlike Enterprises, to play the character of Edie Britt in the television series *Desperate Housewives*.  The agreement was for the show's initial season and

---

[1]    In a prior proceeding involving Touchstone and Sheridan, we granted Touchstone's petition for writ of mandate and directed the superior court to grant Touchstone's motion for a directed verdict on Sheridan's cause of action for wrongful termination in violation of public policy.  (*Touchstone Television Productions v. Superior Court* (2012) 208 Cal.App.4th 676, 684 (*Touchstone I*).)  We further directed the court to permit Sheridan to file an amended complaint alleging a cause of action under Labor Code section 6310 that Touchstone retaliated against her for complaining about unsafe working conditions.  (*Id.* at p. 678.)  Sheridan's amended complaint is the subject of this appeal.

[2]    Further unspecified statutory references are to the Labor Code.

[3]    In reviewing the order sustaining the demurrer, we accept the factual allegations of the complaint as true.  (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 55.)

gave Touchstone the option to renew the contract on an annual basis for an additional six seasons. (See *Touchstone I, supra*, 208 Cal.App.4th at p. 679.) Touchstone renewed Sheridan's contract for five seasons, through 2008. Sheridan alleged that during a September 24, 2008 rehearsal, Sheridan attempted to question Cherry about the script, and he struck her in response. Sheridan complained about the alleged battery to Touchstone.

After Touchstone did not renew Sheridan's contract for season 6, she sued Touchstone for, inter alia, wrongful termination in violation of public policy, alleging that Touchstone fired her because of her complaint about the alleged battery. The jury deadlocked and the court declared a mistrial. As noted above, we granted Touchstone's petition for writ of mandate and directed the superior court to grant Touchstone's motion for a directed verdict on Sheridan's cause of action for wrongful termination in violation of public policy and to permit Sheridan to file an amended complaint alleging a cause of action under section 6310. (*Touchstone I, supra*, 208 Cal.App.4th at p. 678.)

Sheridan filed a second amended complaint (the operative complaint), alleging that Touchstone retaliated against her in violation of section 6310 for complaining about Cherry's alleged battery. Touchstone demurred, arguing that Sheridan failed to exhaust her administrative remedies by filing a claim with the Labor Commissioner under sections 98.7 and 6312. The trial court overruled the demurrer, finding that the exhaustion of administrative remedies was not required to plead a violation of section 6310. Touchstone filed a petition for writ of mandate with this court in May 2013. In August 2013, the Third Appellate District held that an employee must exhaust the administrative remedy set forth in section 98.7 before filing a complaint for retaliatory discharge in violation of section 6310. (See *MacDonald v. State of California* (2013) 161 Cal.Rptr.3d 520, petition for

3

review denied and opinion ordered depublished, November 26, 2013, S213450 (*MacDonald*).) We denied Touchstone's petition for writ of mandate without prejudice to Touchstone filing a motion for reconsideration in the trial court in light of *MacDonald*.

Touchstone renewed its demurrer in the trial court. At a hearing in October 2013, the trial court found that *MacDonald* controlled. Thus, on November 5, 2013, the court sustained the demurrer and dismissed Sheridan's complaint without leave to amend because she failed to exhaust her administrative remedies. On November 26, 2013, the California Supreme Court denied the petition for review in *MacDonald* and ordered the opinion depublished.

In October 2013, the Legislature amended the Labor Code, adding two new provisions effective January 1, 2014. (Stats. 2013, ch. 577, § 4, p. 5 & ch. 732, § 3, pp. 5-7.) Section 244 provides in relevant part that "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy." (§ 244, subd. (a).) The newly-enacted subdivision (g) of section 98.7 similarly provides that "In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures."

Sheridan filed a motion for new trial and a motion for reconsideration, arguing that, in light of *MacDonald*'s depublication and the statutory amendments, it was clear she was not required to exhaust administrative remedies. The trial court denied Sheridan's motion for new trial on the basis that there was "no new law stated." However, the court subsequently granted Sheridan's motion for reconsideration, overruled Touchstone's demurrer, and ordered that a case management conference be held.

4

Touchstone filed another writ petition in this court. We issued an alternative writ of mandate, requiring the court to enter a new order denying Sheridan's motion for reconsideration on the ground that the trial court lacked jurisdiction to consider the matter. The trial court vacated the order granting Sheridan's motion for reconsideration and entered a new order denying the motion on the ground that it lacked jurisdiction to reconsider the matter. Sheridan timely appealed.

## DISCUSSION

The question we must decide is whether sections 98.7 and 6312 required Sheridan to exhaust her administrative remedies before filing suit under section 6310. We begin with the language of the statutes.

Sheridan's action is brought under section 6310, subdivision (a)(1), which prohibits an employer from discriminating against an employee who makes "any oral or written complaint." Subdivision (b) provides that "[a]ny employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to . . . his or her employer . . . of unsafe working conditions, or work practices . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

Section 6312 provides in full: "Any employee who believes that he or she has been discharged or otherwise discriminated against by any person in violation of Section 6310 or 6311 may file a complaint with the Labor Commissioner pursuant to Section 98.7."

Section 98.7, subdivision (a) provides, in pertinent part: "Any person who believes that he or she has been discharged or otherwise discriminated against in

5

violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." Subdivision (f) states that "[t]he rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law." Subdivision (g) states that there is no requirement that an individual exhaust administrative remedies.

The plain language of sections 6312 and 98.7 before the 2013 amendments did not require exhaustion. Both stated that a person who believed that he or she had been discriminated against in violation of the relevant Labor Code provisions "may," not "shall," file a complaint with the Labor Commissioner or the Division of Labor Standards Enforcement.[4] As provided in section 15, enacted in 1937, as used in the Labor Code, "'Shall' is mandatory and 'may' is permissive." Thus, a straightforward reading of the statutes establishes an administrative claim is permitted, but not required. (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 ["To determine legislative intent, we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.] When the language of a statute is clear, we need go no further."].)

Given that exhaustion was not required under the pre-2013 versions of sections 6312 and 98.7, the 2013 enactment of section 244, subdivision (a) and section 98.7, subdivision (g), merely clarified existing law. Thus, those enactments apply to Sheridan's lawsuit. "Where the Legislature makes material changes in statutory language to clarify a statute's meaning, '[s]uch a legislative act has no retrospective effect because the true meaning of the statute remains the same.' [Citation.] Consequently, '[i]f the amendment merely clarifie[s] existing

---

[4]     (See § 79, creating the division.)

6

law, no question of retroactivity is presented' because 'the amendment would not have changed anything.' [Citation.]" (*Satyadi v. West Contra Costa Healthcare Dist.* (2014) 232 Cal.App.4th 1022, 1028-1029 (*Satyadi*).) "[I]f the courts have not yet finally and conclusively interpreted a statute and are in the process of doing so, a declaration of a later Legislature as to what an earlier Legislature intended is entitled to consideration. [Citation.]" (*McClung v. Employment Development Dept.* (2004) 34 Cal.4th 467, 473 (*McClung*).)

Contrary to Touchstone's contentions, the purported requirement of exhaustion of the administrative remedies under sections 98.7 and 6312 had not been "finally and conclusively" decided by the courts before the 2013 enactments. (*McClung, supra,* 34 Cal.4th at p. 473.) Of course, *MacDonald*, the now-depublished decision on which the trial court relied in sustaining Touchstone's demurrer, is not definitive authority. (See Cal. Rules of Court, rules 8.1115(a), 8.1125(c)(2); *Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 109 [although "Supreme Court depublication does not necessarily constitute disapproval," it is "well established that . . . nonpublished opinions have no precedential value. [Citations.]"].)

Further, as we explain, the cases on which Touchstone relies – *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280 (*Abelleira*) and *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311 (*Campbell*) – involved the general requirement of exhaustion under statues that explicitly required exhaustion of administrative remedies. In contrast, the statutes at issue here permit, but do not require the use of administrative remedies. Moreover, neither *Abelleira* nor *Campbell* addressed section 98.7 or 6312.

The plaintiff in *Campbell* was an employee of the Regents of the University of California who reported alleged violations of state competitive bidding laws to

7

the Regents and to the FBI. After she was discharged, she filed an internal complaint under the grievance procedures set forth in her personnel policy. The university sent her a letter in response to her complaint, informing her that the procedure she used did not apply to her complaint. Instead, she was required to file her grievance under the university's policy and procedures applicable to whistleblowing. Rather than refiling her complaint under the applicable policy and procedures, she filed a complaint in superior court, "seeking damages for retaliatory termination under Government Code section 12653 and Labor Code section 1102.5." (*Campbell, supra*, 35 Cal.4th at p. 319.)

The California Supreme Court explained that the Regents' personnel policies "'may enjoy a status equivalent to that of state statutes.' [Citation.]" (*Campbell, supra*, 35 Cal.4th at p. 320.) The policy for handling whistleblower claims thus was "treated as a statute in order to determine whether the exhaustion doctrine applies." (*Id.* at p. 321.) The policy *required* the plaintiff "to resort initially to internal grievance practices and procedures" before filing suit. (*Id.* at p. 324.) After examining the Regents' policy and the statutes the plaintiff cited to argue that exhaustion did not apply, the court concluded that, "absent a clear indication of legislative intent, we should refrain from inferring a statutory exemption from our settled rule requiring exhaustion of administrative remedies."[5] (*Id.* at p. 333.)

---

[5]     The plaintiff argued that neither Government Code section 12653, subdivision (c), nor Labor Code section 1102.5 required her to exhaust her administrative remedies. (*Campbell, supra*, 35 Cal.4th at p. 324.) Government Code section 12653, subdivision (c), provided that an employee may bring an action in superior court for a violation of the False Claims Act, which "protects public funds by authorizing employee informants who discover fraudulent claims made against state and local governmental entities to file qui tam suits on behalf of those entities. [Citation.]" (*Id.* at p. 325.) The whistleblower statutes cited by the plaintiff, found in sections 1102.5 to 1105, were silent on administrative remedies and stated that nothing in the chapter prevented an injured employee from recovering damages from his employer. (*Id.* at p. 329.)

8

Because the policy required the use of administrative procedures and the statutes did not evince legislative intent to abrogate the exhaustion requirement, the court affirmed the judgment dismissing the plaintiff's suit for failure to exhaust her administrative remedies. (*Ibid.*)

In *Abelleira*, the statute at issue was the California Unemployment Insurance Act enacted in 1935. (See *Abelleira*, 17 Cal.2d at pp. 283-284.) Similar to the Regents' policy in *Campbell*, the statute explicitly required an employee to resort to administrative remedies.[6] (See California Unemployment Insurance Act, Stats. 1935, ch. 352, § 65 ["Immediately upon becoming unemployed, an eligible employee *shall* file a notice of unemployment in such manner and at such place as the commission, by rule, prescribes."], italics added; Deering's General Laws, Act 8780d, § 66 ["Claims for benefits shall be made in accordance with such regulations as the commission may prescribe."].)

Unlike the statute in *Abelleira* and the policy in *Campbell*, the pre-2013 versions of sections 98.7 and 6312 did not require an employee to "resort initially" to administrative procedures by filing a complaint with the Labor Commissioner. (*Campbell, supra*, 35 Cal.4th at p. 324.) Instead, the statutes used permissive language, providing that an employee "*may* file a complaint . . . ." (§§ 98.7, 6312, italics added.) Thus, *Abelleira* and *Campbell* do not govern this case. (See *Satyadi, supra*, 232 Cal.App.4th at p. 1030 [reasoning that "in *Campbell* no party

---

[6] Touchstone asserts in its brief that *Abelleira* is one "of a broad body of cases holding that administrative remedies are mandatory even when expressed in permissive language." The citations to *Abelleira* that Touchstone provides, however, do not establish that the administrative remedies at issue in *Abelleira* were expressed in permissive language. (See *Abelleira, supra*, 17 Cal.2d at pp. 283, 292.)

raised any argument regarding the effect of section 98.7, and that statute is not mentioned in the court's opinion."].)

Our reasoning is supported by *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320 (*Lloyd*), in which Division Three of this district found that the plaintiff was not required to exhaust the administrative remedy of section 98.7. (*Id.* at p. 331.) In *Lloyd,* the plaintiff alleged that he had been terminated from his job with a county due to his whistleblowing activity. He further alleged that his termination violated the Labor Code, including sections 98.7 and 1102.5. The appellate court rejected the county's argument that the plaintiff's failure to exhaust the administrative remedy of section 98.7 barred his causes of action for statutory violations of the Labor Code. (*Ibid.*) The court found that section 98.7 "merely provides the employee with an additional remedy, which the employee may choose to pursue." (*Ibid.*) The court further reasoned that "case law has recognized there is no requirement that a plaintiff proceed through the Labor Code administrative procedure in order to pursue a statutory cause of action. [Citations.]" (*Id.* at pp. 331-332.) The court thus concluded that there was no administrative exhaustion requirement for plaintiffs suing for Labor Code violations. (*Id.* at p. 332; see also *Daly v. Exxon Corp.* (1997) 55 Cal.App.4th 39, 46 [no requirement to exhaust administrative remedies before filing suit for retaliation under section 6310]; *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338, 1359 [noting that section 98.7 states that a person ""*may* file a complaint"" in concluding that exhaustion was not required to file suit alleging sexual orientation discrimination under former section 1102.1].)

Our reasoning is also supported by *Satyadi*, *supra,* in which the First Appellate District considered whether the 2013 amendments, adding section 244, subdivision (a), and section 98.7, subdivision (g), applied to the plaintiff's appeal.

10

(*Satyadi, supra*, 232 Cal.App.4th at p. 1024.) The plaintiff had sued her former employer under section 1102.5, alleging that "she had been fired in retaliation for reporting and refusing to participate in her employer's allegedly illegal activities." (*Ibid.*) The trial court dismissed the action, ruling that *Campbell* required her "first to seek relief from the Labor Commissioner before filing suit in court." (*Ibid.*) The appellate court found that *Campbell* did not address section 98.7, but *Lloyd* "squarely confronted" the issue of exhaustion under section 98.7. (*Id.* at p. 1030.) The court further noted that federal cases addressing the exhaustion issue were divided.[7] (*Id.* at p. 1031; compare *Dowell v. Contra Costa County* (N.D. Cal. 2013) 928 F.Supp.2d 1137, 1153 [discussing *Lloyd* and *Campbell* and concluding the plaintiff was not required to exhaust her administrative remedies before filing her claim under section 1102.5] with *Oyarzo v. Tuolumne Fire Dist.* (E.D. Cal. 2013) 955 F.Supp.2d 1038, 1102 [exhaustion required before bringing suit under section 1102.5].)

Because *Lloyd* found no exhaustion requirement and *Campbell* "provided no direct support for the view that" plaintiffs filing suit for violations of section 1102.5 must exhaust section 98.7's administrative remedy, *Satyadi* concluded that "prior to the Legislature's amendments to the Labor Code, California case law did not require exhaustion of the section 98.7 remedy." (*Satyadi, supra*, 232 Cal.App.4th at p. 1032.) The court thus concluded that the 2013 amendments did not change the law but merely clarified existing law that "a party may bring a civil action for violation of the Labor Code without first exhausting the remedy provided by section 98.7, subdivision (a)." (*Ibid.*)

---

[7] Similar to the parties here, the parties in *Satyadi* cited federal law to support their positions. (*Satyadi, supra*, 232 Cal.App.4th at p. 1031.) "[T]he opinions of lower federal courts are not binding on us, particularly on issues of California law. [Citation.]" (*Ibid.*)

We agree. Before the 2013 amendments, sections 98.7 and 6312 permitted but did not require plaintiffs to resort to administrative procedures. The California Supreme Court had not settled the issue, and *Lloyd* had held that exhaustion under section 98.7 was not required before filing suit under section 1102.5. (*Satyadi, supra*, 232 Cal.App.4th at p. 1032.) Thus, exhaustion of the remedy provided by section 98.7 was not required, and the 2013 enactments simply clarified this point. (*Ibid.*) The same reasoning applies to section 6312, which, like section 98.7, does not require administrative exhaustion and had not been "finally and definitively interpreted." (*McClung, supra*, 34 Cal.4th at p. 473.) Sheridan therefore was not required to exhaust her administrative remedies before filing suit for a violation of section 6310.[8]

In light of our conclusion, we need not address the line of cases discussed by Touchstone regarding the general exhaustion rule.[9] None of the cases cited by Touchstone addressed the statutes at issue here. (See, e.g., *Abelleira, supra*, 17 Cal.2d 280 [Unemployment Act]; *County of Los Angeles v. Farmers Ins. Exchange* (1982) 132 Cal.App.3d 77 [Insurance Code]; *Park 'N Fly of San Francisco, Inc. v. City of South San Francisco* (1987) 188 Cal.App.3d 1201 [city ordinance imposing business license tax]; *People v. Coit Ranch, Inc.* (1962) 204 Cal.App.2d 52 [Agricultural Code].) The administrative exhaustion rule articulated in cases that did not address these statutes cannot compel a conclusion contrary to the statutes' plain language. For the foregoing reasons, we conclude that Sheridan was not required to exhaust her administrative remedies under sections 98.7 and 6312.

---

[8] The trial court's decision to sustain the demurrer was based solely on the ground that Sheridan failed to exhaust her administrative remedies. We do not address whether the allegations of the complaint are sufficient as a matter of law in any other respect.

[9] Nor need we discuss Sheridan's alternative argument that the proceedings under section 98.7 do not satisfy due process.

12

**DISPOSITION**

The judgment of dismissal in favor of Touchstone is reversed and the matter is remanded to the trial court with instructions to vacate the order sustaining Touchstone's demurrer without leave to amend and to enter a new order overruling the demurrer to the complaint. Sheridan is entitled to costs on appeal.

**CERTIFIED FOR PUBLICATION**


WILLHITE, J.


We concur:




EPSTEIN, P. J.




MANELLA, J.


13