[No. B160988. Second Dist., Div. One. July 31, 2003.]

ROBERT GIBBS, Plaintiff and Appellant, v.
CONSOLIDATED SERVICES, Defendant and Respondent.

## Counsel

Law Offices of Jill B. Shigut and Jill B. Shigut for Plaintiff and Appellant.

Weston, Benshoof, Rochefort, Rubalcava & MacCuish, John P. Zaimes and Candis Watson Bowles for Defendant and Respondent.

## Opinion

**SPENCER, P. J.—**

### INTRODUCTION

Plaintiff Robert Gibbs appeals only from that portion of a summary judgment entered in favor of defendant Consolidated Disposal Service, LLC[1] that adjudicates plaintiff's causes of action for wrongful termination due to

---

[1] Erroneously sued as Consolidated Services.

age discrimination, wrongful termination in violation of public policy and intentional infliction of emotional distress.[2] He contends there are triable issues of material fact as to whether he was terminated due to age discrimination. Inasmuch as defendant proved it had a legitimate, nondiscriminatory reason for terminating plaintiff's employment and plaintiff failed to make a prima facie case of age discrimination, we disagree and affirm the judgment.

## FACTS[3]

Plaintiff became an employee of Atlas Transport, a waste management company, in May 1985. He worked as a driver until 1992, when he was promoted to operations manager of Atlas Transport's Chatsworth facility. In this position, plaintiff handled customer relations, coverage of routes, customer complaints and essentially oversaw the entire operation. He had approximately 25 drivers under his supervision.

Defendant, a large waste management company, acquired Atlas Transport in July 1999. Charles Caspary (Caspary), the former owner of Atlas Transport, remained a consultant for defendant. Plaintiff retained his position as operations manager. Plaintiff knew from experience, however, that reorganization of the acquired company's operations typically followed an acquisition. He anticipated that defendant would bring in its own supervisors.

The acquisition was defendant's seventeenth since 1996. Following each of the earlier acquisitions, defendant integrated the acquired company into its organization. It restructured the acquired company to improve its efficiency of operation and defendant's profitability.

In May 1999, before defendant acquired Atlas Transport, plaintiff told Caspary that he wanted to return to driving. Caspary saw no problem with that but wanted plaintiff to retain the position of operations manager until further notice.

In October 1999, plaintiff spoke to Matthew Terrell (Terrell), his supervisor, and asked to be transferred to a position as a driver. Terrell said, "Maybe you're getting too old." Earlier, in September 1999, a subordinate employee,

---

[2] Plaintiff's causes of action for wrongful termination in violation of public policy and intentional infliction of emotional distress are based on the allegations of age, and racial, discrimination. Plaintiff does not challenge summary adjudication of the cause of action alleging racial discrimination, however.

[3] ■ In determining the propriety of summary judgment, we are limited to facts set forth in the separate statement and either supported by the evidentiary materials submitted or admitted and uncontested in the pleadings. (*Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 962 [9 Cal.Rptr.2d 306]; *McDaniel v. Sunset Manor Co.* (1990) 220 Cal.App.3d 1, 5 [269 Cal.Rptr. 196].)

Irma Cortez (Cortez), made two remarks that referred to plaintiff's age. Cortez said, "You're getting too old so why don't you just get out." She also said, "Let the younger guys do it."

At approximately the same time, Terrell restructured the operations supervisor position that plaintiff held in order to bring it into conformity with defendant's other operations supervisor positions. This led to an increase in the operations supervisor's responsibilities. In addition to the tasks that plaintiff then was performing, the operations supervisor would have to begin creating and maintaining routes by using defendant's computer system and routing software. In addition, the operations supervisor would supervise the hiring and training of new employees, implement a company-wide safety program, work effectively with government representatives to maintain contracts and ensure compliance with California Highway Patrol and federal and state Department of Transportation regulations.

Plaintiff had told Terrell that he lacked computer skills and could not use defendant's routing software. Terrell also knew that plaintiff recently had received a written warning for a harassment incident. Over the course of a month, Terrell additionally observed plaintiff's overbearing, aggressive and sometimes offensive manner when dealing with other employees. Terrell considered plaintiff's employee management skills to be inconsistent with defendant's employee management and communication philosophies. In Terrell's opinion, plaintiff's unprofessional demeanor would impair his ability to work effectively with government representatives to maintain contracts.

Terrell concluded that plaintiff was not qualified for the restructured operations supervisor position. After discussing the matter with defendant's president, Bruce San Filippo, Terrell prepared to terminate plaintiff's employment. On November 10, 1999, Terrell and Maria Maydeck, defendant's director of human resources and risk management, met with plaintiff. They informed him that his services no longer were required. Plaintiff again asked for a position as a driver. Terrell told him none existed when, in fact, there was at least one such position, for which plaintiff was qualified, available at defendant's Gardena facility.

When defendant terminated plaintiff's employment, plaintiff was 57 years old. Defendant also terminated former Atlas Transport employees Jerry Goodman (Goodman), the general manager of the Chatsworth facility, age 55, and Maria Rivera (Rivera), the customer service representative, age 50. Terrell, who was 27 years old at the time, replaced Goodman. Inasmuch as defendant already had adequate customer service staff in its Santa Fe Springs facility, no one replaced Rivera. Chris Coyle replaced plaintiff. His age is unknown.

Defendant demoted Robert Gomez (Gomez), formerly the operations supervisor for Atlas Transport's Santa Clarita facility, which defendant was closing, to the position of driver. Gomez was 59 years old at the time.

## DISCUSSION

*Standard of Review*

■ We review the moving and opposing papers de novo to determine whether the moving party negated an essential element of plaintiff's case, demonstrated that there was no possible triable issue of material fact, or showed that plaintiff failed to present evidence crucial to his cause. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) In conducting our review, we construe the moving party's papers strictly and those of the opposing party liberally. (*Id.* at p. 768.)

*Age Discrimination/Violation of Public Policy/Intentional Infliction of Emotional Distress*

■ A prima facie case of age discrimination requires evidence the plaintiff is over the age of 40, was performing satisfactorily and was discharged under circumstances giving rise to an inference of unlawful discrimination, i.e., others not over the age of 40 were retained or his job was filled by someone of comparable skill who was not over the age of 40. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) There is evidence that defendant was over the age of 40 when he was discharged but no evidence that would give rise to an inference of unlawful discrimination.

■ Defendant had a legitimate, nondiscriminatory reason for terminating plaintiff's employment. Terrell restructured the operations supervisor position that plaintiff held in order to bring it into conformity with defendant's other operations supervisor positions. This led to an increase in the operations supervisor's responsibilities. In addition to the tasks that plaintiff then was performing, the operations supervisor would have to begin creating and maintaining routes by using defendant's computer system and routing software. In addition, the operations supervisor would supervise the hiring and training of new employees, implement a company-wide safety program, work effectively with government representatives to maintain contracts and ensure compliance with California Highway Patrol and federal and state Department of Transportation regulations.

Plaintiff had told Terrell that he lacked computer skills and could not use defendant's routing software. Terrell also knew that plaintiff recently had

received a written warning for a harassment incident. Terrell additionally observed plaintiff's overbearing, aggressive and sometimes offensive manner when dealing with other employees. Terrell considered plaintiff's employee management skills to be inconsistent with defendant's employee management and communication philosophies. In Terrell's opinion, plaintiff's unprofessional demeanor would impair his ability to work effectively with government representatives to maintain contracts.

Armed with this information, Terrell reasonably concluded that plaintiff was not qualified to fill the restructured operations supervisor position. In other words, plaintiff was not performing and could not perform satisfactorily in the position as it had been restructured. His inability to do so led directly to his discharge.

In arguing that there is a triable issue of material fact as to whether the stated reason was a pretext, plaintiff relies on several factors. He places his greatest reliance on defendant's failure to give him a position as a driver. There is conflicting evidence as to whether defendant made plaintiff a one-time offer to become a driver, an offer that plaintiff failed to accept in a timely fashion, or whether defendant promised him a position as a driver and then reneged on the offer. The conflict is immaterial.

■ When an employer modifies its workforce for business reasons, it has no obligation to transfer an employee to another position within the company. (*Rose v. Wells Fargo & Co.* (9th Cir. 1990) 902 F.2d 1417, 1422; *Simpson v. Midland-Ross Corp.* (6th Cir. 1987) 823 F.2d 937, 942, fn. 6.) To the extent that defendant voluntarily assumed such an obligation, as evidenced by its offer of a driver position to Gomez, the operations manager at the Santa Clarita facility that defendant was closing, we can draw an inference of discrimination only if plaintiff " 'can show that others not in the protected class were treated more favorably.' [Citation.]" (*Rose, supra,* at pp. 1422–1423, italics omitted.) Plaintiff cannot make such a showing, for Gomez, the only employee offered a driving position, is over the age of 40 and thus a member of the protected class.

Put simply, defendant had no further need of the skills plaintiff actually was employing as an operations manager, in that the restructuring of the operations supervisor position changed the set of skills required to include some that plaintiff lacked. Moreover, there is no evidence that plaintiff was replaced by someone younger who possesses substantially the same skills and is performing substantially the same services. (*Nidds v. Schindler Elevator Corp.* (9th Cir. 1996) 113 F.3d 912, 917; *Rose v. Wells Fargo & Co., supra,* 902 F.2d at p. 1421.) To the contrary, undisputed evidence demonstrates that plaintiff's replacement, Chris Coyle, has many skills that plaintiff lacks and is performing many services that plaintiff did not perform.

Plaintiff also relies on Terrell's remark that he was too old to be a driver. As discussed above, plaintiff cannot establish discriminatory purpose from the failure to give him a position as a driver. He was not entitled to it. Terrell's opinion that plaintiff was too old to drive played no role in the decision to terminate him from the position of operations supervisor. The comment therefore was nothing more than a "stray" remark, as were two comments made by Cortez, a subordinate of plaintiff. Such "stray" remarks do not establish discrimination. (*Merrick v. Farmers Ins. Group* (9th Cir. 1990) 892 F.2d 1434, 1438–1439; *Gagne v. Northwestern Nat. Ins. Co.* (6th Cir. 1989) 881 F.2d 309, 314–316; *Smith v. Firestone Tire and Rubber Co.* (7th Cir. 1989) 875 F.2d 1325, 1330.)

Plaintiff further relies on the ages of two other individuals whose employment defendant terminated to demonstrate pretext. That defendant terminated only three former Atlas Transport employees, all of whom were over 40 years in age, has virtually no significance in itself. (*Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F.3d 1271, 1281.)

Defendant terminated Goodman, the general manager, so that Terrell could replace him. It terminated plaintiff because he was unqualified for the restructured operations supervisor position. It terminated Rivera because her position had become redundant. Given the variety of factors involved, the statistical sample is simply too small to support an inference of discrimination. (See, e.g., *Rose v. Wells Fargo & Co., supra,* 902 F.2d at p. 1423.)

In summary, defendant carried its burden of demonstrating that it had a legitimate, nondiscriminatory reason for terminating plaintiff's employment. Plaintiff failed to make a prima facie case of age discrimination and failed to present evidence that defendant's proffered reason for termination was a pretext for unlawful discrimination. There consequently are no triable issues of material fact with respect to plaintiff's causes of action for wrongful discharge due to age discrimination and in violation of public policy, or for intentional infliction of emotional distress.

The judgment is affirmed.

Ortega, J., and Vogel (Miriam A.), J., concurred.

On August 27, 2003, the opinion was modified to read as printed above.