Filed 9/25/15  Wasserstrom v. County of Los Angeles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LEMOR WASSERSTROM, | B254447 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC067373) |
| v. | |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

Weissburg Law Firm and Diane B. Weissburg for Plaintiff and Appellant.

Gutierrez, Preciado & House, Calvin R. House, Nohemi Gutierrez Ferguson, Sarosh Qaiser and Ann E. Wu for Defendants and Respondents.

_____

Lemor Wasserstrom (plaintiff), also known as Lemor Warzamn, filed an action against the County of Los Angeles Department of Children and Family Services (DCFS), Tedji Dessalegn, Rosa Tang, and Germaine Key (collectively, defendants) based on allegations of race and religious discrimination, hostile work environment, whistleblower retaliation, negligence, failure to investigate, and defamatory remarks. The trial court granted defendants' motion for summary judgment.

On appeal from the judgment, plaintiff contends the trial court abused its discretion in refusing her request to continue the hearing on the motion, because the court had not reviewed the submitted documents prior to the hearing. Further, the court violated her due process right to a fair hearing by not providing a full and fair opportunity for oral argument and not expressly ruling on the admissibility of plaintiff's evidence at the hearing. She was not required to exhaust her administrative remedies as a prerequisite to pursuing her claim in court for unlawful retaliation in violation of public policy. Moreover, summary judgment was improper, because questions of material fact existed. Plaintiff's contentions are not meritorious. We affirm the judgment.

## BACKGROUND

The verified operative complaint alleged: About December 16, 2001, DCFS hired plaintiff to work at its "Torrance Regional Office . . . as a Supervising Children's Social Worker ('SCSW')," and about August 1, 2010, she was "re-assigned as out-of-class Children's Services Administrator (CSA) I." Plaintiff was and is the only "white, Jewish female" at that location. About September 8, 2011, plaintiff applied for the positions of CSA I and "Assistant Regional Administrator ('ARA')." Dessalegn, Tang, and Key were DCFS supervisors.

Dessalegn and Tang notified plaintiff she was not selected for either position, although "she had been doing the [CSA I] job for over one year." About a week later, Tang "made derogatory statements about her, and told her she would never get either position because of her race and religion"; Tang also stated Key was "right about" plaintiff, i.e., Key said plaintiff "was a racist because of her religion and race" and that

2

plaintiff "took only non-white and non-Jewish children into protective custody." About three weeks later, plaintiff met with Tang and Dessalegn to discuss Tang's gossiping to supervisors at the office "about [the above] conversation, including [Key's] statements, and to revisit [p]laintiff's non-appointment to the CSA I or an ARA position." "Shortly after that meeting [p]laintiff received an Appraisal of Promotability," which Tang had prepared, giving plaintiff a score of "94 out of 100, which placed her . . . out of the range of promotion to either an ARA or CSA I position."

"From on or about August 2010, defendants, and each of them, continuously subjected [p]laintiff to unfair and disparate treatment because of her race and religion, to racial stereotypes, to the display of racial animus, and to a hostile environment." "[A]bout October 2011, plaintiff submitted several complaints to defendants about the violation of her civil rights due to her religion, and national origin"; "defendants, and each are under a continuing duty to investigate and stop such conduct, under a continuing duty but [they] failed to investigate and halt the offending conduct and continuing retaliation against plaintiff for having reported [such misconduct]." "Each . . . defendant[] also retaliated against plaintiff, and continues retaliating against her, for having made said complaints to defendants, about her race, national origin, and religion."

The verified complaint pleaded 10 causes of action for, respectively: (1) race discrimination (Gov. Code, § 12940 et seq.) against DCFS; (2) hostile work environment (Gov. Code, § 12940 et seq.) against defendants; (3) whistleblower retaliation (Gov. Code, § 12940 et seq.) against DCFS; (4) whistleblower retaliation (Lab. Code, § 1102.5) against DCFS; (5) racial discrimination (Lab. Code, § 1102.5) against DCFS; (6) religious discrimination against DCFS in violation of the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.); (7) negligence against DCFS, Dessalegn, and Tang; (8) failure to investigate (Gov. Code, § 12940 et seq.) against DCFS; (9) civil penalties under continuing violations doctrine against DCFS; and

3

(10) defamation against defendants.  Plaintiff sought punitive damages against Dessalegn, Key, and Tang based on the second, seventh, and 10th causes of action.[1]

Defendants answered by generally denying the complaint's material allegations and setting forth 52 affirmative defenses.

The trial court sustained defendants' demurrer to the fifth and ninth causes of action without leave to amend.[2]

Defendants filed a motion for summary judgment or summary adjudication.

Plaintiff filed opposition.

She also filed objections to defendants' evidence as well as specific objections to and motions to strike the declarations of the individual defendants and others submitted in support of their motion for summary judgment or summary adjudication.

On January 3, 2014, defendants filed a reply consisting of a document setting forth objections to the opposition and a separate document in which they objected to plaintiff's responses to their separate statement of undisputed material facts.

On January 6, 2014, plaintiff filed objections to defendants' reply as late and a motion to strike.  On the same date she also filed a corrected version of her earlier opposing declaration.

On January 9, 2014, following a hearing on the motion, the trial court took the matter under submission.

On January 16, 2014, the trial court granted the summary judgment motion.[3]  On February 3, 2014, the summary judgment order in favor of defendants and against plaintiff and the judgment of dismissal were entered.

---

[1] The seventh cause of action, however, was not pleaded against Key.

[2] On our own motion, we augmented the record with defendants' answer to the complaint and the trial court's minute order sustaining without leave to amend the demurrer to the fifth and ninth causes of action and striking the allegations and prayer for punitive damages.

[3] The minutes reflect the trial court granted defendants' "Motion for Summary Adjudication."  We deem this recital to be a clerical error.  A review of the entire minutes

**DISCUSSION**

**1.** *Standard of Review*

"This case comes to us on review of a summary judgment. Defendants are entitled to summary judgment only if 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Code Civ. Proc., § 437c, subd. (c).) To determine whether triable issues of fact do exist, we independently review the record that was before the trial court when it ruled on defendants' motion. [Citations.] In so doing, we view the evidence in the light most favorable to plaintiff[] as the losing part[y], resolving evidentiary doubts and ambiguities in [her] favor. [Citation.]" (*Martinez v. Combs* (2010) 49 Cal.4th 35, 68.)

We determine whether the trial court's ruling is correct, not its reasons or rationale. (*Salazar v. Southern Cal. Gas Co.* (1997) 54 Cal.App.4th 1370, 1376.) "'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' [Citation.]" (*Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 505.) "We review for abuse of discretion any evidentiary ruling made in connection with the motion. [Citation.]"[4] (*Ibid.*) A showing of prejudice is required for reversal of a summary judgment based on erroneous exclusion or admission of evidence. (*Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1538 [exclusion]; *Blackhawk Corp. v. Gotham Ins. Co.* (1997) 54 Cal.App.4th 1090, 1098 [admission].) In other words, the burden is on the appellant to show "it is reasonably probable that the appellant would have obtained a more favorable result absent the error, so the error resulted in a

---

in context reflects the court ruled against plaintiff on each of the extant causes of action, which signifies the court in fact was granting summary judgment.

[4] Our Supreme Court has not yet determined whether a trial court's rulings on evidentiary objections to written evidence in this context is reviewed for abuse of discretion or de novo. We do not reach this issue, because the results are the same under either standard. (*Ahn v. Kumho Tire U.S.A., Inc.* (2014) 223 Cal.App.4th 133, 144.)

5

miscarriage of justice.  [Citations.]"  (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1415.)

**2.  *Refusal to Continue Hearing Not Abuse***

Plaintiff contends the trial court abused its discretion in refusing her request to continue the hearing on the motion, because the court had not reviewed the submitted documents prior to the hearing.  No abuse transpired.

We review the trial court's denial of a continuance for abuse of discretion.  (*Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 313–314.)  The burden is on the requesting party to show good cause for a continuance.  (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 172.)

During the hearing, plaintiff's counsel asked if she could make a copy of the court's tentative ruling, because she had only about 10 minutes to read it and it was five pages.  The court denied the request and invited her to read it at the desk if she wanted more time.  The court noted counsel had "over 100 categories—or exhibits and/or depos[itions] and so on that [she] objected to.  And within that [she had] multiple objections which I'm still working through.  I think there were close to 400 objections [made] between the [plaintiff and defendants.]"

Plaintiff's counsel continued to argue for a continuance:  "[I]n order for me to be able to effectively argue this, I would need, first of all, to know the court's rulings on all of the objections that I filed" and "sitting here and trying to digest five pages of . . . tentative rulings without having the objections and the rulings on those objections is very difficult for me."  The court responded:  "I am still typing up all of my comments to all of those objections" and counsel could wait until the court was finished.  The court denied her request for a continuance.  After counsel advised she had not read the entire tentative ruling, the court responded counsel could take as much time as she wanted to do so.  The court then took the matter under submission when counsel did not accept the court's offer.

6

Contrary to plaintiff's position, no good and sufficient reason was presented by plaintiff for continuing the hearing. Trial courts "retain extensive discretion regarding how the hearing is to be conducted, including imposing time limits and adopting tentative ruling procedures[.]" (*Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 265 (*Mediterranean*).) A trial court is not required to issue a tentative ruling. (Cal. Rules of Court, rule 3.1308(e).) The court also is not required to rule on evidentiary objections prior to or at the hearing on a summary judgment motion. Rather, at the hearing, the court should encourage parties to "specify the evidentiary objections they consider important, so that the court can focus its rulings on evidentiary matters that are critical in resolving the summary judgment motion." (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532–533 (*Reid*).)

In this instance, the court afforded plaintiff's attorney ample opportunity to read and study its tentative ruling, which she declined. Plaintiff's counsel also declined to identify the evidentiary objections she considered to be crucial, which might have led the court to focus the argument or even then to consider a continuance for further briefing on evidentiary issues of particular importance. As plaintiff acknowledges in her brief, the court in *Reid* admonished at the hearing "the parties . . . should specify the evidentiary objections they consider important[.]" (*Reid*, *supra*, 50 Cal.4th at pp. 532–533.) Finally, plaintiff cites no authority for her position that the court was required to issue either its tentative or its final rulings on evidentiary objections prior to inviting counsel's argument at the hearing. When a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court." (*Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647.)

**3.  *No Violation of Due Process Shown***

Plaintiff contends the trial court violated her due process right to a fair hearing by not providing a full and fair opportunity for oral argument and not expressly ruling on plaintiff's evidence except by way of a "blanket ruling" after the hearing. Plaintiff's due process violation claims are without merit.

7

The right to a hearing on a motion for summary judgment is a creature of statute, not the federal or state Constitution. (Code Civ. Proc., § 437c, subd. (a).) Further, whether oral argument must be allowed at such hearing has been a matter of dispute at the appellate level. (See *Sweat v. Hollister* (1995) 37 Cal.App.4th 603, 613–614 [opportunity for oral argument before final ruling not required], disapproved later as dicta in *Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1205 (*Brannon*), and on other grounds in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 609, fn. 5; contra, *Mediterranean*, *supra*, 66 Cal.App.4th at pp. 265–266 [right to oral argument]; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1248, fn. 10 ["no occasion in this case to consider the validity of either the *Sweat* or *Mediterranean* decisions"].)

In this instance, the trial court held a hearing at which it invited oral argument on any issue relating to the motion. "[A] court has substantial discretion to impose reasonable limitations, including to limit the time and subject matter of the argument." (*Brannon*, *supra*, 114 Cal.App.4th at p. 1211.) Plaintiff had a full and fair opportunity to argue her position orally at the hearing. The court did not restrict or foreclose her counsel from arguing and expressly invited counsel to make "whatever arguments you want to make on your motions, please make them now, whatever they are." Plaintiff's counsel chose not to present those arguments, however, instead telling the court that counsel would be unable to address the motion unless the court followed counsel's demand that the court first specify rulings on every one of the pending evidentiary objections.

Further, the absence of final rulings on plaintiff's evidentiary objections to defendants' evidence in its tentative ruling or at the time of the hearing is of no significance, because the court was not required to make such findings prior to or at the hearing. Moreover, the trial court did not rule on the motion for summary judgment or summary adjudication at the hearing. Rather, the court took the matter under submission, and granted the motion only "[a]fter further review of all moving and opposition papers, and after consideration of . . . argument presented by counsel[.]" Accordingly, the court

8

did not grant the summary judgment motion without having reviewed and considered all the submitted supporting and opposing documents, nor does plaintiff claim otherwise. No due process violation occurred.

Further, no due process violation arises from the trial court's final rulings on plaintiff's objections to defendants' evidence. Plaintiff contends that in overruling each and every one of her "27 different objections" to certain of defendants' statements of undisputed facts, the court abused its discretion by issuing a "blanket ruling" instead of "expressly ruling on the individual objections."[5] (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 857 ["blanket ruling sustained all of the objections and observed that many of the exhibits lacked foundation, were inadmissible hearsay, or were irrelevant because they were not cited in Serri's opposition . . . 'hardly a ruling,' provided no meaningful basis for review, and could be treated as a failure to rule"].) The record refutes this contention.

As a general matter the court ruled: "First, [p]laintiff sets forth a series of objections to facts stated in [d]efendants' Separate Statement and not to evidence. Second, the actual evidentiary objections are included within the Declaration of Diane B. Weissburg[, plaintiff's counsel,] and are not in the proper format mandated by California Rules of Court[, rule] 3.1354(b). Further, no proposed order was submitted. (See [rule] 3.1354(c).) Despite these procedural defects, the Court makes the following rulings to [p]laintiff's objections."

The court then ruled on plaintiff's specific objections as follows: (1) the objections to defendants' "Separate Statement of Facts Nos. 12, 32, 33, 45, 77, 78, 93, 95, 103, 105-115, 147, 149, 151, 156, 158, and 159" were overruled, because "[p]laintiff does not object to evidence, but only to [d]efendants' facts"; (2) "Objection Nos. 1-4 to the Declaration of Germaine Key" were overruled; (3) "Objection Nos. 1-11 to the

---

[5] We note the court sustained plaintiff's objections to defendants' late reply, struck the reply, and overruled defendants' objection to plaintiff's declaration in light of her corrected declaration. As such, plaintiff does not, and cannot, contend that the trial court excluded any of plaintiff's evidence in ultimately ruling on the motion.

Declaration of Rosa Tang," were overruled with the notation "[p]laintiff objected to Paragraph No. 12 of this declaration but there is no [such] paragraph"; (4) "Objection Nos. 1-9 to the Declaration of Robert Haley" were overruled; (5) "Objection Nos. 1-12 to the Declaration of Tedji Dessalegn" were overruled; (6) "Objection Nos. 1-3 to the Declaration of Diane Wagner" were overruled; (7) "Objection Nos. 1-3 to the Declaration of Lynette Morgan-Nichols" were overruled; and (8) "Objection Nos. 1-10 to the Declaration of Michelle Saulters" were overruled.[6]

**4.** *Exhaustion Issue Immaterial Where No Retaliation Claim Stated*

Plaintiff contends she was not required to exhaust her administrative remedy before the Labor Commissioner prior to filing the fourth cause of action for retaliation under Labor Code section 1102.5 (section 1102.5). Resolution of this issue here is immaterial to whether summary judgment should have been granted. Even if plaintiff's failure to proceed first before the Labor Commissioner does not defeat her claim, her failure to allege facts sufficient to state a cause of action under section 1102.5 does.

The trial court concluded defendants were entitled to prevail as a matter of law on the fourth cause of action for whistleblower retaliation in violation of section 1102.5 and gave two alternative reasons for its conclusion. The court found plaintiff failed "to

---

[6] We have reviewed each and every of one of the overruled objections to these declarations. It bears emphasizing that plaintiff made boilerplate evidentiary objections to every single paragraph of every declaration, most often relying on objections such as "relevance; immaterial; argument; vague; ambiguous; misleading; misstates facts." Plaintiff asserted these objections repeatedly to clearly admissible statements, within the personal knowledge of the declarants, on issues that plaintiff herself was raising. Just by way of example, having put in issue the race and religion of the supervisors who made the promotion decision, plaintiff objected on the basis of "Relevance; immaterial; argument" to the paragraph in the declaration of Rosa Tang stating: "My race is Asian." "My religion is Christian." Plaintiff wholly fails to make any argument that any evidentiary ruling by the trial court was incorrect. Further, plaintiff does not even attempt to meet her burden of showing that the admission of any evidence over her objections, even assuming they had merit, resulted in prejudice that would entitle plaintiff to a reversal of the court's summary judgment ruling. (*Blackhawk Corp.*, *supra*, 54 Cal.App.4th at p. 1098.)

establish that she engaged in protected conduct under [section] 1102.5 as [she] did not report any violations of law or a failure to comply with regulations.  The Fourth Cause of Action also fails due to [p]laintiff's failure to file a complaint with the Labor Commission pursuant to Labor Code [section] 98.7."[7]

Prior to 2013, the law was unsettled as to whether exhaustion of administrative remedies before the Labor Commissioner was a prerequisite to filing a civil action under section 1102.5.  (See *Satyadi v. West Contra Costa Healthcare Dist.* (2014) 232 Cal.App.4th 1022, 1029–1031 (*Satyadi*); see also *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321–322, 329, 333; but see *Lloyd v. County of Los Angeles* (2009) 172 Cal.App.4th 320, 326–327, 328, 331–332.)

In 2013, the Legislature amended the Labor Code to address the requirement of exhaustion of administrative remedies or procedures.[8]  (Stats. 2013, ch. 577, §§ 3 & 4 [Sen. Bill No. 666].)  In short, pursuant to these amendments, an individual pursuing a judicial claim under section 1102.5 is not required to comply with this requirement.  At the end of 2014, the court in *Satyadi* concluded "the amendments merely clarified existing law," and thus, "they may be applied to this case without transgressing the general rule against the retroactive application of statutes."  (*Satyadi*, *supra*, 232 Cal.App.4th at p. 1027.)

We need not, and therefore do not, decide whether plaintiff's failure to pursue her claim before the Labor Commissioner in the first instance bars her fourth cause of action. Plaintiff does not challenge the trial court's alternative reason for concluding, as a matter of law, the fourth cause of action fails to allege facts sufficient to state a cause of action

---

[7] The fifth cause of action (§ 1102.5, race discrimination) was dismissed.

[8] Section 98.7 was amended to add subdivision (g), which provides:  "In the enforcement of this section, there is no requirement that an individual exhaust administrative remedies or procedures."  Also added was section 244, subdivision (a), which provides in pertinent part:  "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy."

11

against defendants. A trial court's ruling will be upheld on any correct legal theory applicable to the case as a matter of law. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19; cf. *Cline v. Yamaga* (1979) 97 Cal.App.3d 239, 246–247.)

The issues on a motion for summary judgment are framed by those raised by the pleadings, and evidence presented in opposition to the motion therefore cannot create issues outside of the pleadings or serve a substitute for an amendment that raises issues entirely different from those of the complaint. "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843; see also *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1253 [scope of issues to be determined delimited in the pleadings; materiality of the facts tendered in challenge to cause of action framed by complaint; "'separate statement of material facts . . . not a substitute for an amendment of the complaint'"].)

In her opening brief, plaintiff asserts she reported certain child safety issues and concerns to Key, Tan, and Dessalegn, and after her whistleblowing was unsuccessful, she tried to report the issues to Joi Russell, Key's boss, then to Human Resources and Phillip Browning, the DCFS's new director, and finally to "the State Department of Health Services, Katherine Donald, Dr. Chad Brinderson, State Department of Mental Health, and to State Community Care Licensing." Further, "No one at County of Los Angeles ever investigated [her] claims." In retaliation, plaintiff "was refused promotions and treated differently," and defendants "tried to discredit her because she would not stop reporting her concerns about child safety, which continues today." She contends Key and Tang began retaliating against her in 2008 for whistleblowing about child safety; and "that conduct by them and with help from other non-white, non-Jewish managers, continues today." In 2009, Dessalegn was transferred to the Torrance office and got involved with Tang and Key, neither of whom is Caucasian or Jewish. They conspired with other managers and their employees to continue the adverse conduct against plaintiff

12

in an effort to drive her out. Plaintiff now "sits in a dead-end job waiting for the other shoe to drop." She is still employed by DCFS.

The complaint, however, does not allege any of these new theories or facts, nor does the record reflect plaintiff sought leave to amend the complaint to make these factual allegations, either before the summary judgment hearing, at the hearing, or afterward through a motion for reconsideration of the grant of summary judgment. (Cf. *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746 [denial of leave to amend not abuse where unexplained delay and "no liability exists under the plaintiff's new theory"]; *Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 770–771 [no leave to amend not abuse where no explanation for delay of several months to file motion; no procedurally proper motion filed; and no request for continuance to pursue matter].) Plaintiff therefore has failed to meet her burden to show a material question of fact exists that would preclude summary adjudication in favor of defendants on the fourth cause of action.

**5.** *No Material Questions of Fact Established Regarding Racial or Religious Discrimination*

On this appeal, plaintiff focuses on one aspect of the three-stage burden-shifting test for discrimination claims set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 [93 S.Ct. 1817], contending summary judgment was improper because material factual questions exist as to whether defendants' proffered legitimate reasons for their actions were in fact improper pretextual reasons. Although plaintiff does not tie her argument to specific causes of action, it appears that her focus on "pretext" is meant to contest the trial court's rulings on the first cause of action, alleging racial discrimination, and the sixth cause of action, alleging religious discrimination, both in violation of FEHA.[9] In support of her argument that the trial court erred, plaintiff contends the trial

---

[9] We note in her opening brief plaintiff does not claim error supported by record references, legal argument, or citation to applicable authority as to any specific causes of action other than the fourth cause of action (regarding retaliation under Labor Code section 1102.5, previously discussed) and only challenges the first and sixth causes of action by implication. "'The reviewing court is not required to make an independent,

13

court improperly excluded consideration of various statements of defendants and others. She asserts that such discriminatory comments were not simply "stray remarks" and constituted a "pretext or ongoing discriminatory animus on the part of [defendants]." Plaintiff has failed to carry her burden.

The first cause of action alleges a "refusal by defendants . . . to promote Plaintiff to the item of Children's Services Administrator" or to the position of Assistant Regional Administrator based on racial discrimination because plaintiff is a "White Jewish female." As a result of such conduct, plaintiff alleges she suffered continuing "substantial economic losses, including salary difference, retirement differences . . . and further employment benefits" as well as "humiliation, embarrassment, ridicule, scorn, and anguish."

The sixth cause of action alleges plaintiff was "a Jewish female" and incorporates the same allegations of a refusal to promote plaintiff, contending these actions were also based on religious discrimination. In addition, the sixth cause of action alleges that defendants were aware her "religious beliefs mandate observation of the Jewish Sabbath, certain Jewish holidays requiring her not to work, and maintenance of Kosher dietary laws." She "requested time off for Jewish holidays during her employment with DCFS and has had approved time off [for such] requests for said Jewish holidays." "Despite [her] religious beliefs and notwithstanding said authorized time off for Jewish holidays, on or about August 2009, and thereafter, [defendants], and each of them, made disparaging remarks regarding [her] religious beliefs." As a result of such conduct and

---

unassisted study of the record in search of error or grounds to support the judgment.' [Citations.]" (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; see also *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282–283 [no discussion required where contentions "bereft of factual underpinning, record references, argument, and/or authority].) It is not the function of the reviewing court to "develop the . . . arguments for" an appellant. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.) Plaintiff for the first time explicitly addresses other causes of action in her reply brief. It is too late in a reply brief to attempt to develop a legally cognizable argument. (*Aviel v. Ng* (2008) 161 Cal.App.4th 809, 821.)

religious discrimination, plaintiff "suffered continuing humiliation, mortification, scorn, ridicule, contempt, and hatred."

"California has adopted the three-stage burden-shifting test for discrimination claims set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 [93 S.Ct. 1817]. [Citation.] 'This so-called *McDonnell Douglas* test reflects the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially. Thus, by successive steps of increasingly narrow focus, the test allows discrimination to be inferred from facts that create a reasonable likelihood of bias and are not satisfactorily explained.' [Citations.]" (*Sandell v. Taylor-Listug, Inc.* (2010) 188 Cal.App.4th 297, 307 (*Sandell*).) In the summary judgment context, "'the trial court will be called upon to decide if the plaintiff has met his or her burden of establishing a prima facie case of unlawful discrimination. If the employer presents admissible evidence either that one or more of plaintiff's prima facie elements is lacking, or that the adverse employment action was based on legitimate, nondiscriminatory factors, the employer will be entitled to summary judgment *unless the plaintiff produces admissible evidence which raises a triable issue of fact material to the defendant's showing.* In short, by applying *McDonnell Douglas's* shifting burdens of production in the context of a motion for summary judgment, "the judge [will] determine whether the litigants have created an issue of fact to be decided by the jury."' . . . Thus, '"[a]lthough the burden of proof in a [discrimination] action claiming an unjustifiable [adverse employment action] ultimately rests with the plaintiff . . . , in the case of a motion for summary judgment or summary issue adjudication, *the burden rests with the moving party to negate the plaintiff's right to prevail on a particular issue. . . .* In other words, the burden is reversed in the case of a summary issue adjudication or summary judgment motion. . . .""' [Citation.]' [Citation.]" (*Sandell*, at p. 309.)

"'""Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. These include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any

15

other evidence that supports the employer's case . . . ." [Citation.]' [Citation.]" (*Sandell*, *supra*, 188 Cal.App.4th at p. 309.)

To establish a prima facie showing of discrimination, "generally an employee need only offer sufficient circumstantial evidence to give rise to a reasonable *inference* of discrimination." (*Sandell*, *supra*, 188 Cal.App.4th at p. 310.) But "[o]nce the employer has offered a legitimate, nondiscriminatory reason for the adverse employment action, a '"plaintiff must offer evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated. [Citation.]" [Citation.]' [Citation.]" (*Id.* at p. 314.) "'[A]n employer is entitled to summary judgment if, considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a rational inference that the employer's actual motive was discriminatory.' [Citation.] It is not sufficient for an employee to make a bare prima facie showing or simply deny the credibility of the employer's witnesses or to speculate as to discriminatory motive. [Citations.] Rather, it is incumbent upon the employee to produce 'substantial responsive evidence' demonstrating the existence of a material triable controversy as to pretext or discriminatory animus on the part of the employer. [Citations.]" (*Serri v. Santa Clara University*, *supra*, 226 Cal.App.4th at pp. 861–862.)

Here, the trial court concluded defendants were entitled to prevail, as a matter of law, on both the first cause of action for racial discrimination and the sixth cause of action for religious discrimination in violation of FEHA. Applying the *McDonnell Douglas* test, the trial court found that the defendants "met their burden by demonstrating a legitimate non-discriminatory basis for not selecting Plaintiff . . . for promotion over Anita Rathi-Joy," the candidate hired for the only open position plaintiff identified. The court further found that the admissible evidence submitted "demonstrates that Plaintiff was not the most qualified candidate and the more qualified candidate obtained the position." Plaintiff does not challenge the trial court's ruling that defendants met their

16

burden; nor could plaintiff succeed in such a challenge, given the extensive evidence introduced by defendants. In support of their motion, defendants included numerous exhibits, including declarations and deposition testimony of each of the persons involved in the promotion decision affirmatively testifying as to qualifications of the applicants, the process used, plaintiff's undisputed ratings on promotional exams, the qualifications of the applicant selected over plaintiff, and their denials that race and religion were considered or discussed.

The trial court went on to find that plaintiff "fail[ed] to establish pretext . . . [and] provide[d] no evidence demonstrating that race was a motivating factor in the employment decision . . . [and] no evidence demonstrating a causal connection between Plaintiff's race and the decision not to promote Plaintiff."

In the attempt to meet her burden to produce "substantial responsive evidence" demonstrating the existence of a material triable controversy as to pretext or discriminatory animus, plaintiff offers little more than her own conclusory and speculative opinions. Her references are to a scattered and disconnected number of comments and events, many of which occurred years before, or a year after, the decision to promote someone other than plaintiff. Furthermore, plaintiff emphasizes the possibility that she was denied the promotion because of complaints she made about child safety, rather than because defendants acted based on racial or religious animus. When it comes to evidence, and not simply speculation or conjecture, plaintiff's case is wholly lacking in terms of calling into question defendants' explanation that DCFS selected another candidate for promotion over plaintiff based on the appropriate testing, evaluations, and interviews of the candidates, and without consideration of race and religion at all. Plaintiff has failed to meet her burden: "considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a

17

rational inference that the employer's actual motive was discriminatory." (*Serri v. Santa Clara University*, *supra*, 226 Cal.App.4th at p. 861.)[10]

The trial court also found plaintiff presented "no evidence to establish that she suffered an adverse employment action due to her religion" or "she was denied any time off when she requested vacation days for Jewish holidays." Also, "there is no showing that any remarks made by Key in 2008 and 2009 had any bearing on [the] adverse promotion decision. In fact, there is no evidence that Key had any input in that process especially where she had le[f]t long before the decision was made. Further, 'stray remarks do not establish discrimination,'" quoting from *Gibbs v. Consolidated Services* (2003) 111 Cal.App.4th 794, 801.

Again, nothing in the evidence cited by plaintiff undermines the trial court's ruling in this regard. The declarations cited by plaintiff do not offer any evidence to suggest that plaintiff's religion played any role in the decision to promote Ms. Rathi-Joy and not plaintiff. As noted by the trial court, plaintiff also concedes she was never denied time off for the Jewish holidays.

Nor did the trial court err by misapplying the stray remarks doctrine. "Under the 'stray' remarks doctrine, which has been employed by federal courts and, at times, adopted by some California courts at the summary judgment stage of discrimination cases, a 'stray' discriminatory remark that a court determines is unconnected to the adverse employment action is insufficient evidence of a discriminatory motive, as a

---

[10] In support of the claim that plaintiff raised material issues of disputed fact, plaintiff cites repeatedly to plaintiff's separate statement of disputed facts, a 69-page document addressing 183 separate factual issues, with a mixture of argument, evidentiary objections, and references to testimony and exhibits. "[A] separate statement is not evidence; it refers to evidence submitted in support of or opposition to a summary judgment motion." (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1378.) Plaintiff's citation to this document in its entirety is not a proper citation to evidence in support of her positions. Further, upon review, we do not find any admissible evidence referenced in her separate statement and presented to the trial court that met her burden to establish a material triable controversy as to pretext or discriminatory animus, and we decline to consider any evidence not presented.

18

matter of law, and may be wholly disregarded by the court. [Citations.] However, [our] Supreme Court recently clarified that California courts are not to apply the stray remarks doctrine because 'its categorical exclusion of evidence might lead to unfair results.' (*Reid*, *supra*, 50 Cal.4th at p. 517.)" (*Sandell*, *supra*, 188 Cal.App.4th at p. 320.)

The court in *Reid*, however, further clarified that "who made the comments, when they were made in relation to the adverse employment decision, and in what context they were made are all factors that should be considered" in determining whether the comments create a triable issue of discrimination. (*Reid*, *supra*, 50 Cal.4th at p. 541.)

In this instance, the record indicates that the trial court did not blindly apply the "stray" remarks doctrine and did not categorically exclude any remarks in reaching its decision. Rather, the court took into account the context in which the remarks were made in finding there was no nexus between those remarks and any adverse employment action against plaintiff. Plaintiff's claim of error therefore fails, because the court's findings fall within the parameters laid out by *Reid* concerning how such remarks are to be considered.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.