GILBERT, P. J.
*409 *553 Campbell v. Regents of University of California (2005) 35 Cal.4th 311, 25 Cal.Rptr.3d 320, 106 P.3d 976 holds that public employees must pursue appropriate internal administrative remedies before filing a civil action against their employer. Labor Code section 244 does not require a litigant to exhaust administrative remedies before bringing a civil action.[1] Here we hold section 244 applies only to claims before the Labor Commissioner. It has no effect on the Campbell rule.
Plaintiff Shawn Terris appeals a summary judgment in favor of her former employer, defendant County of Santa Barbara (County), in her wrongful termination action. We conclude, among other things, that: 1) Terris did not exhaust her administrative remedies on her claims that the County terminated her job to discriminate against her in violation of sections 1101, 1102, and 1102.5; [ [2) there are no triable issues of fact on Terris's claim that she was terminated because of her sexual orientation ( Gov. Code, § 12940, subd. (a), Fair Employment and Housing Act (FEHA) );] ] but 3) the trial court erred by awarding the County costs on the FEHA cause of action. We affirm in part and reverse in part.
FACTS
Terris was a County employee in the position of a "Program Business Leader" analyst. She was subject to civil services rules. The County projected a "budget shortfall for the fiscal year 2009-2010" of nearly $11 million. Terris was one of 35 employees laid off.
After receiving a layoff notice in July 2009, Terris exercised her right to remain employed by displacing or "bump[ing]" a person in another position-the "First 5 Program/Business Leader." Patricia Wheatley, the director *554 of First 5 Santa Barbara, decided that position required special skills. She requested a "special skills designation" to expand the requirements for that position. Theresa Duer, the County assistant human resources director, granted that request and determined Terris was not qualified for that position. Terris was laid off.
Terris filed a complaint with the County's Civil Service Commission (Commission). She alleged her termination procedure violated her seniority rights. She argued the County and County Executive Officer (CEO) Michael F. Brown engaged in "discrimination against her for exercising her rights as a County employee, as an elected Santa Barbara County Employees Retirement Board Trustee, and for filing a Claim Against Public Entity...."
On August 20, 2009, the Commission ruled that 1) it could decide whether the County followed the proper procedures for terminating Terris's employment, but 2) it could not decide Terris's discrimination claims because she had not exhausted her administrative remedy of filing a discrimination complaint with the Equal Employment Opportunity Office (EEO). Terris did *410 not file an EEO complaint. She urged the Commission to decide only whether the County followed the proper procedures in terminating her employment.
One month later, the Commission ruled the special skills designation was appropriate, the layoff was authorized, and the County complied with all required procedures. It found, "[A]ll proper notices were given and seniority was followed."
Terris filed a wrongful termination and employment discrimination action. In her third amended complaint, she alleged the County: 1) terminated her employment to prevent her from holding an elected office as a retirement board trustee (§ 1101) (second cause of action), 2) interfered with her political activity as a retirement board trustee (§ 1102) (third cause of action), and 3) retaliated against her for lawful complaints she had made (§ 1102.5) (fourth cause of action). [ [In her fifth cause of action, she alleged sexual orientation discrimination. She said the County "regarded her as [a] lesbian," which was the "motivating factor" in its decision to terminate her. ( Gov. Code, § 12940, subd. (a) (FEHA).) ] ]
The trial court granted the County's motion for summary judgment. It found: 1) Terris did not exhaust her administrative remedies on her second, third and fourth causes of action; and 2) there was no triable issue of fact on her FEHA cause of action.
*555 DISCUSSION
Exhausting Administrative Remedies
Terris contends the trial court erred in ruling that she failed to exhaust her administrative remedies before filing her wrongful termination action alleging violation of sections 1101, 1102, and 1102.5. We disagree.
"[T]he party moving for summary judgment" must "make a prima facie showing of the nonexistence of any triable issue of material fact." ( Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 850, 107 Cal.Rptr.2d 841, 24 P.3d 493.) "[I]f he carries his burden," the opposing party must make "a prima facie showing of [a triable issue]." ( Ibid. ) We review summary judgments de novo. ( Suarez v. Pacific Northstar Mechanical, Inc. (2009) 180 Cal.App.4th 430, 436, 103 Cal.Rptr.3d 168.) " 'We are not bound by the trial court's stated reasons or rationales.' " ( Ibid. )
" '[W]here an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.' " ( Campbell v. Regents of University of California , supra , 35 Cal.4th 311, 321, 25 Cal.Rptr.3d 320, 106 P.3d 976.) Administrative remedies include "internal grievance procedures" provided by a public entity. ( Ibid. ) County employees must exhaust internal administrative remedies that are provided in county civil service rules. ( Los Angeles County Employees Assn. v. County of Los Angeles (1976) 61 Cal.App.3d 926, 934, 132 Cal.Rptr. 807.) Terris was a County employee "subject to the" County's "Civil Service Rules."
Terris claims the County's discriminatory employment action included: 1) terminating her employment to interfere "with her holding an elected office as a Retirement Board Trustee" (§ 1101); 2) attempting to coerce "and influence" her "political activity as a Retirement Board Trustee" (§ 1102); and 3) retaliating against her because of her "complaints about violations of her activity directed to labor organizing County workers" (§ 1102.5).
The County claims Terris had an administrative remedy to resolve these claims, which she did not pursue. We agree. Terris was required to file an EEO
*411 complaint, and if she disagreed with the EEO report, she could file "an appeal directly to the [Commission]." The EEO investigates employment discrimination based on violations of sections 1101, 1102, and 1102.5. The civil service rules provided her with "the right to challenge the alleged discrimination ... before the Commission...." Terris could have subpoenaed witnesses to testify at an evidentiary hearing. She could have sought judicial review of the Commission's decisions on her discrimination *556 claims through administrative mandamus. The Commission had the authority to reinstate her and order back pay and attorney fees if it so decided.
Terris acknowledged she "did not file an EEO complaint prior to pursuing claims for violation of [sections] 1101, 1102, and 1102.5." ( Campbell v. Regents of University of California , supra , 35 Cal.4th at pp. 329-333, 25 Cal.Rptr.3d 320, 106 P.3d 976 [public employee who claimed retaliatory job termination in violation of the Labor Code had to exhaust the employer's internal administrative remedies]; Palmer v. Regents of University of California (2003) 107 Cal.App.4th 899, 904, 132 Cal.Rptr.2d 567 ["When a ... public entity establishes an internal grievance mechanism, ... failure to exhaust those internal remedies precludes any subsequent private civil action"].)
The Satyadi Decision and Section 244
Terris argues Satyadi v. West Contra Costa Healthcare Dist. (2014) 232 Cal.App.4th 1022, 182 Cal.Rptr.3d 21 and section 244 support her contention that she is not required to exhaust her administrative remedies. Quite the contrary, Satyadi holds that an employee does not have to file a Labor Commissioner claim before suing her employer. But it also instructs that an employee subject to county civil service "internal administrative remedies" must exhaust them. "[I]t appears Satyadi has exhausted her employer's internal administrative remedies . (See Campbell [v. Regents of University of California ,] supra , 35 Cal.4th at p. 333 [25 Cal.Rptr.3d 320, 106 P.3d 976].) The exhaustion doctrine therefore poses no further barrier to her action." ( Satyadi , at p. 1033, 182 Cal.Rptr.3d 21, italics added.)
Section 244, subdivision (a) provides, in relevant part, "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code...." But the phrase "administrative remedies" refers to Labor Commissioner claims. The author of Senate Bill No. 666 said it allows employees to sue "without having first sought administrative remedies that are enforceable by the Labor Commissioner." (Historical and Statutory Notes, 44 West's Ann. Lab. Code (2018 cum. pocket pt.) § 244, p. 310.) It merely clarifies existing law. ( Satyadi v. West Contra Costa Healthcare Dist. , supra , 232 Cal.App.4th at pp. 1032-1033, 182 Cal.Rptr.3d 21.)
Terris relies on Neushul v. Regents of the University of California (C.D.Cal. 2016) 168 F.Supp.3d 1242. There a University of California employee filed a lawsuit under the Labor Code against her employer without exhausting the employer's internal administrative remedies. The federal district court ruled she could proceed. The court reviewed the relevant California Labor Code provisions and said, "Plaintiff sues under § 1102.5, which ... contains no exhaustion requirement. [Citations.] And § 244 now provides that if no *557 exhaustion requirement is explicitly set forth in the relevant provision of the Labor Code, including § 1102.5, then the plaintiff may pursue her claim without exhausting administrative remedies. In other words, the amendment of § 244 in 2014 necessarily *412 means that [University of California] policies requiring administrative exhaustion for claims arising under § 1102.5 are contrary to the Labor Code's clear directive ...." ( Id . at p. 1249, italics added.)
Neushul , a federal trial court, concluded that Campbell , a California Supreme Court decision, is no longer valid law. Neushul assumed that the term administrative remedies in the statute applies to all types of administrative remedies. It apparently reached its conclusion based on the literal language of section 244, subdivision (a), which provides, "An individual is not required to exhaust administrative remedies or procedures in order to bring a civil action under any provision of this code, unless that section under which the action is brought expressly requires exhaustion of an administrative remedy."
But Neushul did not consider the context and purpose of the statutory change. " ' "[A] thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers." ' " ( Westfall v. Swoap (1976) 58 Cal.App.3d 109, 116, 129 Cal.Rptr. 750.) This is such a case.
As explained by the author of Senate Bill No. 666, section 244, subdivision (a) was enacted to protect the right to sue without first having to exhaust Labor Commissioner administrative proceedings. At the same time section 244, subdivision (a) was enacted (Stats. 2013, ch. 577, § 41), the Legislature also amended section 98.7 involving Labor Commissioner claims. (Stats. 2013, ch. 732, § 3.) It added the following provision: "In the enforcement of this section , there is no requirement that an individual exhaust administrative remedies or procedures." (§ 98.7, subd. (g), italics added.)
By making these changes, the Legislature resolved a specific ongoing legal controversy. Courts had reached conflicting results on whether Campbell 's exhaustion requirement meant a plaintiff had to initially file a claim with the Labor Commissioner before filing an action. ( Satyadi v. West Contra Costa Healthcare Dist. , supra , 232 Cal.App.4th at p. 1031, 182 Cal.Rptr.3d 21 ; see also Miller v. Southwest Airlines Co. (N.D.Cal. 2013) 923 F.Supp.2d 1206, 1210 [ Campbell requires initial exhaustion of Labor Commissioner claim before filing the lawsuit] ), compare with Dowell v. Contra Costa County (N.D.Cal. 2013) 928 F.Supp.2d 1137, 1153 ( [" ' Campbell only held that exhaustion of internal administrative remedies is required; there is no discussion in Campbell of *558 exhaustion of administrative remedies before the Labor Commission' "].) The legislative amendments were specifically related to resolving this problem.
On page 4 of the written description of Senate Bill No. 666, at the April 30, 2013, Senate Judiciary Committee hearing (2013-2014 Reg. Sess.), the author of the bill said it would clarify a problem in existing law. He said the problem is that "various statutes under the Labor Code require the employee or applicant to first file a claim against the employer with the Labor Commissioner ...." (Ibid. , italics added.)
Satyadi describes the reason for the Legislature's 2013 amendments. It said the amendments "merely confirm that a party may bring a civil action for violation of the Labor Code without first exhausting the remedy provided by section 98.7, subdivision (a) "-a Labor Commissioner claim. ( Satyadi v. West Contra Costa Healthcare Dist. , supra , 232 Cal.App.4th at p. 1032, 182 Cal.Rptr.3d 21, italics added.)
There is no basis to conclude the Legislature enacted section 244, subdivision (a) to overturn a California Supreme Court decision- Campbell , or to extinguish decades *413 of judicially required administrative exhaustion requirements for county employees who have civil service commission internal administrative remedies. As Campbell said, " '[C]ourts should not presume the Legislature in the enactment of statutes intends to overthrow long-established principles of law unless that intention is made clearly to appear either by express declaration or by necessary implication .' " ( Campbell v. Regents of the University of California , supra , 35 Cal.4th at p. 329, 25 Cal.Rptr.3d 320, 106 P.3d 976, italics added.) Here there is no express legislative declaration that the statute was intended to eliminate the Campbell internal administrative remedy exhaustion requirement. Neither the Legislative Counsel's Digest nor the author's summary of Senate Bill No. 666 makes any reference to Campbell .
In Campbell , our Supreme Court reviewed its prior decisions and said they represent "a respect for internal grievance procedures and the exhaustion requirement where the Legislature has not specifically mandated its own administrative review process. " ( Campbell v. Regents of the University of California , supra , 35 Cal.4th at p. 321, 25 Cal.Rptr.3d 320, 106 P.3d 976, italics added.) By enacting section 244, subdivision (a), the Legislature did not create such a new administrative review process that applies to all administrative agencies. It eliminated the requirement that a claim must first be bought before the Labor Commissioner before filing a civil action.
*559 Adequate Notice
Terris contends the County did not provide her adequate notice of her rights and the consequences. She claimed the County's notices only said she "may" appeal. But exhaustion of administrative remedies is mandatory " 'even though the administrative remedy is couched in permissive language.' " ( Marquez v. Gourley (2002) 102 Cal.App.4th 710, 714, 125 Cal.Rptr.2d 784.) Moreover, Terris admitted she "was aware of" the "EEO complaint procedure" and was represented by counsel at all relevant stages.
The Commission also advised Terris and her counsel that if Terris wanted to raise her Labor Code discrimination/retaliation issues, she first had to file an EEO complaint. Because she had not filed it, the Commission could only decide whether proper job termination procedures were followed. It offered her a continuance so that issue and the discrimination/retaliation issues could be decided together. But she and her counsel rejected that alternative and elected to have a Commission hearing only on the procedural issues. Terris decided not to file the EEO complaint. Consequently, her section 1101, 1102, and 1102.5 claims are barred. ( Campbell v. Regents of University of California , supra , 35 Cal.4th at p. 321, 25 Cal.Rptr.3d 320, 106 P.3d 976 ; Basurto v. Imperial Irrigation Dist. (2012) 211 Cal.App.4th 866, 888, 150 Cal.Rptr.3d 145 ; Hooks v. State Personnel Bd. (1980) 111 Cal.App.3d 572, 578, 168 Cal.Rptr. 822 [plaintiff is barred from raising issues in court that could have been raised, but were not, in the administrative proceeding involving the employment termination].) Therefore, we do not consider Terris's second, third and fourth causes of action. These causes of action relate to her activities as a retirement board trustee and her complaints about employer practices.
[ [Discrimination Based on Sexual Orientation** *414 Costs
The parties note that the trial court awarded the County costs on Terris's FEHA and non-FEHA causes of action. Terris contends it erred by awarding the FEHA costs. We agree. Costs are not generally awarded against employees who file unsuccessful FEHA cases. ( Williams v. Chino Valley Independent Fire Dist. (2015) 61 Cal.4th 97, 115, 186 Cal.Rptr.3d 826, 347 P.3d 976.) Awarding costs against them could undermine the state's anti-discrimination public policy and have a chilling effect on meritorious FEHA "suits by plaintiffs with limited financial resources." ( *560 Id. at p. 113, 186 Cal.Rptr.3d 826, 347 P.3d 976.) There is, however, an exception to this rule for frivolous litigation. But it does not apply here. The inability to prove an FEHA element is not equivalent to filing an entirely baseless lawsuit. We have reviewed Terris's remaining contentions and we conclude she has not shown other grounds for reversal.
DISPOSITION
The order awarding the County costs on the FEHA cause of action is reversed and the matter is remanded to the trial court to redetermine costs. In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.
We concur:
YEGAN, J.
PERREN, J.
Certified for Partial Publication.*

Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [ [/] ].

All statutory references are to the Labor Code unless otherwise stated.

See footnote *, ante .