Filed 8/14/23  Terris v. County of Santa Barbara CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions **not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHAWN TERRIS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA BARBARA,<br><br>    Defendant and Respondent. | 2d Civ. No. B320665<br>(Super. Ct. No. 21CV03350)<br>(Santa Barbara County) |

Shawn Terris appeals a judgment following the sustaining of a demurrer without leave to amend on her petition for writ of mandate against the County of Santa Barbara (County).  She is challenging the County's termination of her employment.  Terris had filed a prior wrongful termination action against the County. (*Terris v. County of Santa Barbara* (2018) 20 Cal.App.5th 551 (*Terris I*).)  The County prevailed in *Terris I* and that case is final.

We conclude, among other things, that the trial court properly sustained the demurrer without leave to amend.  This

current action is barred by the res judicata/collateral estoppel doctrine and the statute of limitations.  We affirm.

FACTS

*Terris I*

In 2009, Terris was a County employee.  She received a layoff notice.  She "exercised her right to remain employed by displacing or 'bump[ing]' a person in another position."  (*Terris I, supra*, 20 Cal.App.5th at p. 553.)  The County assistant human resources director granted that request but determined Terris was not qualified for the position.  Terris was laid off.  (*Id*. at p. 554.)  Terris filed a complaint with the County's Civil Service Commission (Commission).  She claimed the County violated her seniority rights and discriminated against her " 'for exercising her rights as a County employee, as an elected Santa Barbara County Employees Retirement Board Trustee, and for filing a Claim Against Public Entity.' "  (*Ibid*.)

The Commission ruled it could decide the lawfulness of Terris's employment termination.  But it could not decide her discrimination claims "because she had not exhausted her administrative remedy of filing a discrimination complaint with the Equal Employment Opportunity Office (EEO)."  (*Terris I, supra*, 20 Cal.App.5th at p. 554.)

*Terris elected not to file an EEO complaint*, but she requested the Commission to decide the lawfulness of her employment termination.  (*Terris I, supra*, 20 Cal.App.5th at p. 554.)  The Commission subsequently ruled that the layoff was authorized and that the County complied with all the legal requirements to terminate her employment.  (*Ibid*.)

Terris filed a wrongful termination and employment discrimination action against the County.  She alleged: 1) the

2

County terminated her to "prevent her from holding an elected office as a retirement board trustee"; 2) it "interfered with her political activity as a retirement board trustee"; and 3) it retaliated against her "for lawful complaints she had made." (*Terris I, supra,* 20 Cal.App.5th at p. 554.) The trial court granted the County's motion for summary judgment. It ruled Terris did not exhaust her administrative remedies to raise these three claims. (*Ibid.*)

Terris also included a cause of action alleging her employment termination constituted unlawful discrimination under the California Fair Employment and Housing Act (FEHA). (Gov. Code, § 12940 et seq.) The trial court ruled there was "no triable issue of fact on her FEHA cause of action." (*Terris I, supra,* 20 Cal.App.5th at p. 554.) We affirmed. (*Id.* at p. 560.) We held the court correctly found Terris failed to exhaust her administrative remedies.

We also concluded: 1) Terris's claim that she was a victim of a discriminatory layoff by the County was not true; 2) two County employees initiated the process that caused Terris's layoff; 3) Terris "*admitted that those individuals had not 'discriminated' against her 'in any way' *"; 4) Terris "*admitted* that she had '*no evidence*' of sexual orientation discrimination within the year prior to filing the [Department of Fair Employment and Housing] claim"; 5) the County had a budget shortfall of nearly $11 million dollars and it had *a* "*nondiscriminatory reason* for initiating layoffs"; 6) Terris admitted the County had an " '*extreme budget crisis*' " and it was a "*difficult decision*" to determine who should be laid off; 7) the County Board of Supervisors approved the budget that authorized the layoffs and Terris "[did] not claim the supervisors were biased"; and 8) Terris

3

*did not meet her burden to "show 'any wrongful act.'"* (*Terris I, supra*, B268849 [nonpub. part of par.pub. opn.], some italics added.) The California Supreme Court denied review on May 23, 2018.

*The Current Case (Terris II)*

On December 11, 2018, Terris filed "an EEO complaint with the County." She claimed the County did not investigate that complaint.

On August 20, 2021, Terris filed a petition for writ of mandate against the County. In her first cause of action, she sought an order requiring the County to "investigate the EEO complaint." The gravamen of this pleading is that: 1) the trial court in *Terris I* erred by granting summary judgment and by ruling that Terris had to file an EEO complaint to litigate her retaliation claims; and 2) the court erred by finding she had failed to exhaust her administrative remedies. Terris alleges she is entitled to a determination on her EEO retaliation claims.

In her second cause of action, Terris sought damages because the trial court "summarily dismissed [her] claims" in *Terris I* when it entered a summary judgment against her. She alleges it was an "arbitrary and capricious ruling," and consequently the "Fourteenth Amendment has been violated."

The County filed a demurrer claiming this new action was barred by the res judicata/collateral estoppel doctrine. The trial court sustained the demurrer without leave to amend. It found, among other things, that the petition's first cause of action was barred by collateral estoppel because it "arises out of events which were also the subject of a prior action between" Terris and the County and were previously resolved against Terris in *Terris I*.

4

The trial court ruled the second cause of action did not state a cause of action against the County. It said, "The apparent basis for this claim . . . appears to be action by the trial court and not action by the County." The action was also barred by the res judicata/collateral estoppel doctrine because it challenges the "correctness of the trial court's judgment in *Terris I* [which] is exactly what was litigated on appeal in *Terris I*." The court found the action was also barred by the running of the statute of limitations. It denied Terris's motion for reconsideration.[1]

*Sustaining the Demurrer – Res Judicata / Collateral Estoppel*

The trial court correctly sustained the demurrer because this action is barred by the res judicata/collateral estoppel doctrine.

"We have sometimes described 'res judicata' as synonymous with claim preclusion, while reserving the term 'collateral estoppel' for issue preclusion." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) "*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. [Citations.] If claim preclusion is established, it operates to bar relitigation of the claim altogether." (*Ibid.*) "*Issue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." (*Ibid.*)

"The prior final judgment on the merits settles issues which were not only actually litigated but every issue that might have been raised and litigated in the first action." (*Merry v. Coast*

---

[1] We grant the County's motion to augment the record.

5

*Community College Dist.* (1979) 97 Cal.App.3d 214, 222.) "The bar applies if the cause of action could have been brought, whether or not it was actually asserted or decided in the first lawsuit." (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 727.) "The doctrine promotes judicial economy and avoids piecemeal litigation by preventing a plaintiff from ' " 'splitting a single cause of action or relitigat[ing] the same cause of action on a different legal theory or for different relief.' " ' " (*Ibid.*)

Here the trial court correctly found Terris was attempting to relitigate her prior wrongful termination lawsuit (*Terris I*) against the County. The court found: 1) "This action is *between the same parties* as in *Terris I*"; 2) "In *Terris I*, the *parties litigated the issues* of whether an EEO Complaint was necessary and of whether Terris's underlying claims were barred by Terris's decision not to file an EEO Complaint"; and 3) "The trial court determined, and the *Terris I* court affirmed, that an EEO Complaint was required, that Terris *had elected not to file an EEO Complaint*, and therefore Terris's underlying claims were barred." (Italics added.)

Terris's counsel told the trial court that this new case would show she was wrongfully terminated in 2009. He said, "The thrust of this petition is that Ms. Terris should have been entitled to show that she was the victim of political payback, essentially, for her activities as a Trustee on the County Board of Retirement and for political activities . . . .' " But she raised this claim in *Terris I* and we rejected it.

Terris's claim that the Commission unfairly prevented her from litigating her EEO retaliation claims is not true. The Commission advised her it could not decide her EEO claims because she did not file an EEO complaint. But she had the

6

*opportunity* to file the EEO complaint and have the Commission decide those claims.  The Commission offered Terris the right to continue the hearing so that her EEO claims and other claims could be heard together.  (*Terris I, supra,* 20 Cal.App.5th at p. 559.)

*But Terris and her counsel elected not to file an EEO complaint and told the Commission to proceed without it.*  Terris had an adequate administrative remedy.  She could have subpoenaed witnesses on the three retaliation claims, and the Commission had the authority to reinstate her and award backpay and attorney fees if she prevailed.  (*Terris I, supra,* 20 Cal.App.5th at pp. 555-556, 559.)  *Terris I* held, "[P]laintiff is barred from raising issues in court that could have been raised, but were not, in the administrative proceeding involving employment termination."  (*Id.* at p. 559; see also *Basurto v. Inperial Irrigation Dist.* (2012) 211 Cal.App.4th 866, 888.)  That "precludes" her " ' "from litigating those issues again." ' " (*Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1527; *Merry v. Coast Community College Dist., supra,* 97 Cal.App.3d at p. 222.)

Terris's claim that applying the exhaustion of administrative remedies doctrine violates her Fourteenth Amendment rights is without merit.  She voluntarily elected to abandon her claims, and this new denial of due process claim does not excuse her failure to exhaust administrative remedies. (*Los Globos Corp. v. City of Los Angeles* (2017) 17 Cal.App.5th 627, 635; *Edgren v. Regents of University of California* (1984) 158 Cal.App.3d 515, 522; *Roth v. City of Los Angeles* (1975) 53 Cal.App.3d 679, 687.)

7

Moreover, *Terris I* rejected the *underlying factual basis* for her claims. Terris claimed County Executive Officer Michael Brown discriminated against her and caused her layoff. But in *Terris I*, we held: 1) People *other than Brown* were the ones who "*initiated* the process *that ultimately caused her layoff*"; 2) "Terris *admitted* that [those two individuals] had *not 'discriminated' against her 'in any way'* "; and 3) Terris did not show " *'any wrongful* act.'* " (*Terris I, supra*, B268849 [nonpub. part of par.pub. opn.], some italics added.) These findings are binding on her notwithstanding her current action alleging violation of her federal constitutional rights. (*University of Tennessee v. Elliott* (1986) 478 U.S. 788, 797-799.)

Because Terris was not prevented from litigating her three retaliation claims, and because we concluded her termination was lawful and not discriminatory, her current claims are barred. (*Basurto v. Imperial Irrigation Dist.*, *supra*, 211 Cal.App.4th at pp. 888-889.) "Having chosen to 'put all her eggs in one basket,' [in *Terris I*] she cannot come back years later and add others." (*Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1481.)

The trial court also correctly ruled res judicata barred Terris's second cause of action. It said, "The correctness of the trial court's judgment in *Terris I* is exactly what was litigated on appeal in *Terris I*." She may not relitigate it (*Merry v. Coast Community College Dist.*, *supra*, 97 Cal.App.3d at p. 222), or file another action against *the same defendant* involving *the same termination* by using a *different pleading label* and new legal theories. (*Ivanoff v. Bank of America, N.A.*, *supra*, 9 Cal.App.5th at p. 727.) Because *Terris I* held Terris may not litigate the claims she is now pursuing, her current action is an "improper

collateral attack" on that decision. (*Ernst v. Municipal Court* (1980) 104 Cal.App.3d 710, 715.)

*Statute of Limitations*

The trial court also correctly ruled this action is barred by the statute of limitations. The County Civil Service Rules provide, in relevant part, "*No action* or proceeding shall be brought . . . unless such action or proceeding is commenced and served within one hundred (100) days after such *cause of action* or complaint *first arose.*" (Italics added.) Terris's 2009 termination date initiates the running of the limitations period. (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 501, 503.)

Terris's EEO complaint was not filed until 2018, and this petition was not filed until August 2021. This new action is time-barred. (*Norgart v. Upjohn Co., supra*, 21 Cal.4th at p. 397.) All other statutes of limitations have run. (*Prue v. Brady Co./San Diego, Inc.* (2015) 242 Cal.App.4th 1367, 1382 [statute of limitations for "wrongful termination in violation of public policy" is two years]; *Javor v. Taggart* (2002) 98 Cal.App.4th 795, 803 [statute of limitations for a federal civil rights [42 U.S.C 1983] claim is one year], overruled on other grounds by *Leon v. County of Riverside* (2023)14 Cal.5th 910, 931.) Terris may not attempt to revive a barred claim, because when the statute of limitations has run, defendants "may rely upon it in conducting their affairs." (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 957.)

*Failure to State a Cause of Action*

The trial court also correctly ruled that the second cause of action does not state a valid cause of action against the County. The gravamen of the pleading is that the *trial court's granting of summary judgment* in *Terris I* violated her Fourteenth

9

Amendment rights.  Terris seeks damages.  But she does not have a cause of action for damages against the trial court. "Judicial immunity from a civil action for monetary damages *is absolute*." (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 586, italics added.)  This immunity shields judges from liability for damage suits for the alleged violation of constitutional rights under the Civil Rights Act.  (42 U.S.C § 1983; *Butz v. Economou* (1978) 438 U.S. 478, 509; *Sellars v. Procunier* (9th Cir. 1981) 641 F.2d 1295, 1299.)  Moreover, her pleading does not contain an allegation that Terris filed a claim against the County for damages before filing this action.  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239.)

*Not Granting Leave to Amend*

Terris claims the trial court erred by not granting leave to amend.  But she has not shown an abuse of discretion. (*Czajkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 173.)  Her counsel did not file a written opposition to the demurrer.  They also did not file a proposed amended pleading.

*Denying a Request to Continue the Demurrer Hearing*

Terris contends the trial court erred by denying a request to continue the hearing on the demurrer.  A trial court has wide discretion in deciding whether to grant a continuance. (*Muller v. Tanner* (1969) 2 Cal.App.3d 446, 457.)

Terris claims her counsel was unable to attend the hearing because of illness.  But *she was represented* at that hearing by attorney Lawrence LaRocca.  He said Terris's other counsel Raoul Severo was "ill," unable to attend, and more familiar with the

10

case.  But LaRocca addressed the merits.  He said the petition was filed "within" the "timeframe."

In denying the request to continue, the trial court said, "[T]here should have been a written response.  And there wasn't one."  "I don't really see what possible additional argument could be made that could overcome the outcome of the prior action."  There was no abuse of discretion.

*Motion for Reconsideration*

Terris filed a motion for reconsideration.  Attorney Severo appeared and briefly mentioned that the trial court had not continued the demurrer hearing.  But his main focus was that the court signed a dismissal order while a motion for reconsideration was pending.

The County objected to the motion because it was not accompanied with a "declaration" and it did not show "new facts, new law."

The trial court denied the motion.  It found the motion did not contain the required declaration.  (Code Civ. Proc., § 1008, subd. (a).)  Moreover, Terris's counsel did not make a sufficient showing on how he could amend the pleading to state a cause of action.  There was no error.  We have reviewed Terris's remaining contentions and conclude she has not shown grounds for reversal.

11

DISPOSTION

The judgment is affirmed.  Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

12

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Severo and Grenville Pridham for Plaintiff and Appellant.
Rachel Van Mullem, County Counsel, Barbara A. Carroll, Deputy, for Respondent.